**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-01873-NYW

NEW HAMPSHIRE INSURANCE COMPANY and
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

  Plaintiffs,

v.

TSG SKI & GOLF, LLC,
THE PEAKS OWNERS ASSOCIATION, INC.,
PEAKS HOTEL LLC, and
H. CURTIS BRUNJES,

  Defendants.

---

**ORDER TO SHOW CAUSE**

---

Magistrate Judge Nina Y. Wang

  This case has been directly assigned to the undersigned Magistrate Judge pursuant to

D.C.COLO.LCivR 40.1(c).   Upon review of the Complaint for Declaratory Judgment and

Reimbursement (the "Complaint") [#1], the court is not satisfied that Plaintiffs have established

complete diversity of citizenship of the Parties in this case.

  Plaintiffs invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), which states that

"district courts shall have original jurisdiction of all civil actions where the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of

different States . . ." *See* [#1 at ¶ 9].   A federal court must satisfy itself as to its own jurisdiction,

and may take *sua sponte* action to do so.   *See Citizens Concerned for Separation of Church &*

*State v. City & Cty. of Denver,* 628 F.2d 1289, 1297 (10th Cir. 1980).   "The party invoking federal

jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."   *Radil v.*

*Sanborn W. Camps, Inc.,* 384 F.3d 1220, 1224 (10th Cir. 2004).  A court should not proceed having not first assured itself that jurisdiction exists.  *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005).

The Complaint states that Plaintiff New Hampshire Insurance Company is a citizen of Illinois and New York, *see* [#1 at ¶ 2], and that Plaintiff National Union Fire Insurance Company of Pittsburgh, PA is a citizen of Pennsylvania and New York.  [*Id.* at ¶ 3].  With respect to Defendants, the Complaint states that TSG Ski & Golf, LLC ("TSG") is a "Delaware limited liability company with its principal place of business in Colorado.  At least one member of TSG is a citizen of Colorado.  After investigation, [Plaintiffs] belief no member of TSG is a citizen of Illinois, Pennsylvania, or New York."  [*Id.* at ¶ 4].  In addition, Plaintiffs assert that Defendant Peaks Hotel, LLC ("Peaks Hotel") is a "Delaware limited liability company with its principal place of business in Colorado.  After investigation, [Plaintiffs] believe no member of Peaks Hotel is a citizen of Illinois, Pennsylvania, or New York."  [*Id.* at ¶ 6].

In the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit"), for purposes of determining jurisdiction, a limited liability company is an unincorporated association and takes the citizenship of all its members.  *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).  Critically, "in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."  *Id.* at 1237-38; *see also Mgmt. Nominees, Inc. v. Alderney Investments, LLC*, 813 F.3d 1321 (10th Cir. 2016).  Because Defendants TSG and Peaks Hotel are limited liability companies, their principal places of business are not indicative of their citizenship for diversity jurisdiction. Plaintiffs must

affirmatively identify all the members of TSG and Peaks Hotel and provide the court with those members' citizenship.

Additionally, allegations on "information and belief" are insufficient to confer subject matter jurisdiction over this case. *See Yates v. Portofino Real Estate Props. Co., LLC*, No. 08-cv-00324-PAB-MJW, 2009 WL 2588833, at *3 (D. Colo. Aug. 17, 2009) (requiring plaintiff to "address the citizenship of each of [defendant's] members without resorting merely to their 'information and belief' as to the same"); *U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2008) (interpreting allegations based on "information and belief" to "mean that plaintiffs have no affirmative knowledge of a lack of diversity"). Thus, Plaintiffs' allegation that, "[u]pon information and belief, [Defendant] Brunjes is domiciled in Arizona" is insufficient to establish the court's diversity jurisdiction. *Fifth Third Bank v. Flatrock 3, LLC*, 2010 WL 2998305, at *3 (D.N.J. July 21, 2010) ("The basis upon which jurisdiction depends must be alleged affirmatively and distinctly.")

Because the Complaint makes no mention of the TSG's or Peaks Hotel's members or their respective citizenships, and because the allegations concerning Defendant Brunjes's citizenship are based upon "information and belief," Plaintiffs' allegations are presently insufficient for the court to assure itself of diversity jurisdiction. *See Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) ("Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant."). Accordingly, **IT IS ORDERED** that:

(1)     Plaintiffs are **ORDERED TO SHOW CAUSE** in writing and on or before **July 23, 2021**, why this case should not be dismissed for lack of federal subject matter jurisdiction.

DATED: July 12, 2021

BY THE COURT:

Nina Y. Wang
United States Magistrate Judge