IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

NEW HAMPSHIRE INSURANCE COMPANY
and NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,

        Plaintiffs,

v.

TSG SKI & GOLF LLC, THE PEAKS OWNERS
ASSOCIATION, INC., PEAKS HOTEL LLC,
and H. CURTIS BRUNJES,

        Defendants.

Case No. 21-cv-01873-NYW

**PLAINTIFFS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

New Hampshire Insurance Company ("New Hampshire") and National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), for their Response to the Court's Order to Show Cause, state as follows:

1. This Court's Order to Show Cause requires Plaintiffs to "affirmatively identify all the members of [TSG Ski & Golf, LLC ("TSG")] and [Peaks Hotel, LLC ("Peaks Hotel")] and provide the court with those members' citizenship." [ECF 8 at pp. 2-3.]

2. A limited liability company takes the citizenship of all its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).

3. Plaintiffs' investigation reveals that TSG has three members: Thomas "Tom" Richards; Candace "Kandy" Shugars; and Matthew Skinner. (**Exhibit A**.)

4. For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile. *Smith v. Cummings*, 445 F.3d 1254 (10th Cir. 2006).

5. To establish domicile in a particular state, a person must be physically present in the state and intend to remain there. *Id.*

6. Factors considered in determining an individual's domicile include the party's current residence; situs of personal and real property; place of employment or business; payment of taxes; voter registration and practices; membership in associations; driver's license and automobile registration; and location of bank accounts. *Wells Fargo Bank, N.A. v. Mesh Suture Inc.*, 2020 WL 1033337, *4 (D. Colo. March 3, 2020).

7. Public records indicate that Thomas "Tom" Richards is physically present in and intends to remain in Colorado. (**Exhibit B**.)

   a. Specifically, Richards has a present address in Telluride, Colorado and owns real property in Mountain Village, Colorado. (Id.)

   b. Richards also has business interests in Colorado. (Id.)

   c. Richards' public LinkedIn profile indicates he is the CFO at Telluride Ski Resort in Telluride, Colorado.

8. Public records indicate that Candace "Kandy" Shugars is physically present in and intends to remain in Colorado. (**Exhibit C**.)

   a. Specifically, Shugars has a present address listed in Colorado. (Id.)

   b. Shugars owns real property in Colorado. (Id.)

   c. Shugars is a licensed Certified Public Accountant with a public address in Telluride, Colorado. (Id.)

   d. Shugars is married to Kurt H. Shugars. (Id.) Kurt Shugars is also a Certified Public Accountant with a public address in Telluride, Colorado.

9. Public records indicate that Matthew Skinner is physically present in and intends to remain in Colorado. (**Exhibit D**.)

   a. Specifically, Skinner has a present address listed in Colorado. (Id.)

   b. Skinner owns real property in Colorado. (Id.)

   c. Skinner's public LinkedIn profile indicates he is the CEO of Colorado Flights Alliance, in Telluride, Colorado. (Id.)

10. Therefore, since the members of TSG are domiciled in Colorado, TSG is a citizen of Colorado for purposes of diversity jurisdiction.

11. Peaks Hotel is named as a defendant in a lawsuit entitled *Peaks Capital Partners, LLC; Telluride Resort & Spa, LLC; Highlands Resorts at the Peaks, LLC; and Edward D. Herrick, Jr. v. H. Curtis Brunjes; TSG Ski & Golf, LLC; The Peaks Owners Association, Inc.; Peaks Hotel, LLC; and Haynie & Company, P.C.*, Case No. 2019CV30047, pending in the Colorado District Court, County of San Miguel (the "Underlying Lawsuit").

12. In the Underlying Lawsuit, TSG and Peaks Hotel admit that Peaks Hotel is a "wholly owned subsidiary" of TSG. (ECF 1-1, 66 ¶ 279; **Exhibit E** at 40 ¶ 279.)

13. Therefore, according to filings by TSG and Peaks Hotel, Peaks Hotel's sole member is TSG.

14. Since TSG's citizenship is Colorado for diversity jurisdiction purposes, and it is the sole member of Peaks Hotel, Peaks Hotel's citizenship is also Colorado for purposes of diversity jurisdiction.

15. Public records and filings indicate that H. Curtis Brunjes is physically present in and intends to remain in Arizona. (**Exhibit F**.)

   a. Specifically, Brunjes has a present address listed in Arizona. (Id.)

  b. H. Curtis Brunjes admitted in his Answer to the First Amended Complaint in the Underlying Lawsuit that he resides in Arizona. (**Exhibit G** at ¶ 22**; Exhibit H** at ¶ 22.)

  c. Brunjes is listed as the co-founder of AviationPros and his address listed on AviationPros' website is in Arizona. (**Exhibit I**.)

16. Therefore, Brunjes' citizenship for purposes of diversity jurisdiction is in Arizona.

17. As pled in the Complaint, the citizenship of Plaintiffs for purposes of diversity jurisdiction includes Illinois, Pennsylvania, and New York. [ECF 1 at ¶¶ 2-3.]

18. As detailed herein, the citizenship of Defendants for purposes of diversity jurisdiction includes Colorado and Arizona.

19. Diversity jurisdiction requires that no plaintiff may be a citizen of the same state as any defendant. *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

20. Accordingly, this lawsuit is between citizens of different states and this Court has subject-matter jurisdiction over the dispute pursuant to 28 U.S.C. § 1332(a)(1).

21. Plaintiffs aver that this submission is sufficient to establish the Court's subject-matter jurisdiction over this action. However, to the extent the Court seeks additional information, Plaintiffs request that this Court allow Plaintiffs to conduct limited jurisdictional discovery to show that diversity of citizenship of the parties exists.

22. This Court has acknowledged that limited jurisdictional discovery is appropriate to resolve issues of the citizenship of an unincorporated entity's members for purposes of complete diversity. *Tokio Marine Kiln Syndicates, Ltd. v. Electrolux Home Products, Inc.*, 2020 WL 4275624, *3 (D. Colo. July 9, 2020), *citing Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99,

108-09 (3d Cir. 2015); *see also Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) (holding that when information regarding a defendant's citizenship is not reasonably available to a plaintiff, the plaintiff should be permitted to plead jurisdictional allegations as to those defendants on information and belief without affirmatively asserting specific details regarding the citizenship of those defendants, and that when the defendants respond to the complaint, the district court may then revisit the basis for jurisdiction).

23.     Providing limited jurisdictional discovery is appropriate where refusing to grant discovery would result in prejudice to a litigant. *Ensign United States Drilling, Inc. v. B&H Rig and Tong Sales*, 2013 WL 3233614, *3 (D. Colo., June 26, 2013).

24.     Here, dismissing or remanding the Complaint for Declaratory Judgment and Reimbursement would prejudice Plaintiffs by depriving them of an opportunity to proceed in federal court.

25.     In conclusion, Plaintiffs have shown cause as ordered by the Court. The information gathered by Plaintiffs and detailed herein demonstrates that this Court has subject-matter jurisdiction over this action due to the parties' diversity of citizenship. Accordingly, Plaintiffs seek to proceed with their Complaint for Declaratory Judgment and Reimbursement. In the alternative, Plaintiffs seek leave to conduct limited jurisdictional discovery related to the citizenship of TSG and Peaks Hotel.

WHEREFORE, Plaintiffs NEW HAMPSHIRE INSURANCE COMPANY and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. respectfully request the following relief:

(a)     That this Court allow Plaintiffs to proceed on the basis that they have shown cause regarding this Court's subject-matter jurisdiction over this action, as ordered by the Court; or

(b)   In the alternative, that this Court grant leave to Plaintiffs to conduct limited jurisdictional discovery related to the citizenship of TSG, Peaks Hotel, and Brunjes; and

(c)   That this Court grant such other relief as the Court deems just and proper.

Dated: July 21, 2021

Respectfully submitted,

NEW HAMPSHIRE INSURANCE COMPANY and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.

By: */s/ Ian A. Cooper*
Matthew J. Fink
Ian A. Cooper
David J. Rock
NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP
10 South Wacker Drive, 21st Floor
Chicago, IL 60606
Telephone: (312) 585-1400
mfink@nicolaidesllp.com
icooper@nicolaidesllp.com
drock@nicolaidesllp.com