# EXHIBIT E

| | |
|---|---|
| DISTRICT COURT, SAN MIGUEL COUNTY, COLORADO<br><br>Court Address:    305 West Colorado Avenue<br>Telluride, CO  81435<br>Telephone:    970-369-3300 | DATE FILED: April 15, 2021 6:37 PM<br>FILING ID: 3B0A99586BF1A<br>CASE NUMBER: 2019CV30047 |
| **Plaintiffs:**<br>PEAKS CAPITAL PARTNERS, LLC; TELLURIDE RESORT & SPA, LLC; HIGHLANDS RESORTS AT THE PEAKS, LLC; EDWARD D. HERRICK; and EDWARD D. HERRICK, JR.<br><br>v.<br><br>**Defendants:**<br>H. CURTIS BRUNJES; TSG SKI & GOLF, LLC; THE PEAKS OWNERS ASSOCIATION, INC.; PEAKS HOTEL, LLC; and HAYNIE & COMPANY, P.C. | ▲ COURT USE ONLY ▲<br><br>Case Number:  2019CV30047<br><br>Division:         3 |
| Attorneys for Defendants TSG Ski & Golf, LLC and Peaks Hotel, LLC:<br>Matthew J. Bayma, #41464<br>STUART D. MORSE & ASSOCIATES, LLC<br>126 W. Colorado, Suite 108<br>PO Box 2331<br>Telluride, CO 81435<br>Telephone: 303-996-6661<br>Facsimile:  303-996-0908<br>Email: mbayma@sdmorselaw.com | |

**TSG SKI & GOLF, LLC AND THE PEAKS HOTEL, LLC'S JOINT ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT AND JURY DEMAND**

Defendants, TSG SKI & GOLF, LLC ("TSG") and PEAKS HOTEL, LLC, ("PHLLC") (collectively "TSG Defendants") by and through their attorneys, STUART D. MORSE & ASSOCIATES, LLC, submit their answer to the Third Amended Complaint and Jury Demand filed by Plaintiffs Telluride Resorts and Spa, LLC ("TRS"), Highlands Resorts at the Peaks LLC ("Highlands"), Edward Herrick and Edward D. Herrick, Jr. (collectively "Plaintiffs"):

**INTRODUCTION**

1.      Denied.

2.      The allegations of this paragraph do not appear to be directed at the TSG Defendants and, therefore, no further response is required.  To the extent a response is required, TSG Defendants state that TRS owned many of the 177 residential and commercial condominium units known as the Peaks.  TSG Defendants further understand that during that time, TRS sold approximately 69 residential condominium units the third party "Leaseback Owners."  The remaining allegations of this paragraph are denied.

3.      TSG Defendants admit Mr. Brunjes served as an officer and director of the Peaks Owners Association, Inc. (the "POA") from 2009 to the present.  TSG Defendants deny that TRS followed an agreed-upon process.  Upon information or belief, through January 1, 2012, there was no special procedure in place concerning TRS assessments.  Upon information or belief, on January 1, 2012, the POA adopted a Special Policy for the Hotel Owner, but, upon information or belief, TRS did not follow that policy, which required TRS be assessed all assessments and do quarterly reconciliations of equivalent common expenses paid.  Admitted that, upon information or belief, TRS did present year-end true-ups that purported to show TRS paid equivalent common expenses and, upon information or belief, the TSG Defendants state that Mr. Brunjes approved these true-ups.  However, upon information or belief, this so-called "agreed-upon process" was predicated on TRS's representation that the true-ups were fair and accurate; instead, the TSG Defendants are informed and believe that they were not.

4.     TSG Defendants object to the phrase "assumed control" in this paragraph because that term is vague and ambiguous as it is subject to many different interpretations.  TSG Defendants object to the phrase "conducted extensive due diligence on The Peaks' operations and finances" because that term is vague and ambiguous as it is subject to many different interpretations.  TSG Defendants object to this paragraph to the extent it misstates the "numerous communications" between Plaintiffs and TSG.  Without waiving any objections, the TSG Defendants admit that TSG acquired many of the Peaks commercial units in July of 2015 and 16 condominium units in March of 2018.  TSG denies that it "appointed" members to the board and states that board appointments were carried out as per the governing documents after TSG's purchase of the units.  TSG Defendants admit that PHLLC is a subsidiary of TSG and that PHLLC was appointed POA manager in July of 2015.  TSG Defendants admit that representatives of the TSG Defendants and representatives of Plaintiffs engaged in communications throughout TSG's due diligence process and those communications speak for themselves and this paragraph is denied to the extent it misstates those communications.  The TSG Defendants deny that the so-called True-Up process was plainly disclosed.  The TSG Defendants deny that TSG accountants "confirmed" the appropriateness of the so-called True-Up process at any time.  Any remaining allegations of this paragraph are denied for a lack of information or belief.

5.     TSG Defendants object to this paragraph because it is compound.  TSG Defendants object to this paragraph because it is vague and ambiguous due to the terms "financial statements" and "assessment revenue."  Without waiving any objections, the TSG Defendants admit that Haynie performed some work related the POA in 2015.  Any remaining allegations of this paragraph are denied for a lack of information or belief.

6.      TSG Defendants object to this paragraph because it calls for a legal conclusion and, therefore, no further response is required.  TSG Defendants object to this paragraph to the extent it misstates the governing documents.  To the extent a response is required, the TSG Defendants were not involved with the so-called True Up Process at the time it was presented to the POA because they were not POA members or managers when it was put forth.  Therefore, the TSG Defendants cannot speak to any concurrent communications between TRS and the POA about the so-called True Up Process prior to the TSG Defendants involvement in the property.  However, the subsequent investigation into the process by the TSG Defendants suggests that the so-called True-Up Process did not comport with the governing documents.  TSG Defendants deny that Plaintiffs appropriately satisfied its assessment obligations between 2009 and mid-2015.  TSG Defendants deny that the so-called True Up process was appropriately disclosed.  Any remaining allegations are denied for a lack of information or belief.

7.      TSG Defendants deny that they engaged in any conspiracy to coerce Plaintiffs into paying money that was not owed.  TSG Defendants admit that internal and independent audits were appropriately called for and carried out.  TSG Defendants deny that they organized or manipulated any audit in any way and TSG Defendants affirmatively state the audits were appropriately called for and carried out.  TSG Defendants deny that any documentation was withheld from any auditor and TSG Defendants affirmatively state that the audits were appropriately called for and carried out.  TSG Defendants admit that the audit revealed that Plaintiffs did not appropriately pay assessments.  Any remaining allegations of this paragraph are denied.

8.      TSG Defendants deny that they participated in any sort of coordinated scheme.  TSG Defendants admit that the POA engaged Haynie & Company, P.C. ("Haynie"), an independent

accounting firm, to review the Plaintiffs' payments of assessments in November of 2018. TSG Defendants deny that they manipulated the procedures performed by Haynie or withheld documentation from Haynie. TSG Defendants state that Haynie's scope of work is as set forth in the engagement letter and as described in the Haynie report and TSG Defendants deny that they altered the as stated and set forth scope of work. TSG Defendants deny that Plaintiffs' assessment payments were appropriately made through the so-called True Up process. Denied that the governing documents of the Peaks disclosed the True-Up Process. As set forth above, upon information or belief, through January 1, 2012, there was no special procedure in place concerning TRS assessments. Upon information or belief, on January 1, 2012, the POA adopted a Special Policy for the Hotel Owner, but, upon information or belief, TRS did not follow that policy. Any additional allegations of this paragraph are denied for a lack of information or belief.

9.      TSG Defendants admit that Haynie issued an "Independent Account Report Applying Agreed-Upon Procedures" and state that the results and conclusions in that report speak for themselves. TSG Defendants deny Plaintiffs' characterizations of the report and deny any further allegations in this paragraph.

10.      TSG Defendants deny that all Plaintiffs are current members of the POA and admit that Mr. Todd Herrick was a member of the POA Board of Directors in 2018. TSG Defendants deny the remaining allegations of paragraph 9.

11.      TSG Defendants admit that the POA authorized the letter that was sent to Plaintiffs and the other individuals and entities regarding Plaintiffs' failure to pay assessments and states that the letter speaks for itself. TSG Defendants deny that they could or did authorize the letter and the

TSG Defendants state that the POA is the entity that authorized the letter.  TSG Defendants deny

Plaintiffs' characterizations of the letter and deny all remaining allegations in this paragraph.

12.     TSG Defendants deny Plaintiffs' characterizations of the referenced letter and state

that the letter speaks for itself.  TSG Defendants deny that they could or did authorize the letter and

the TSG Defendants state that the POA is the entity that authorized the letter.  TSG Defendants

deny any remaining allegations of this paragraph directed at the TSG Defendants and denies the

allegations directed toward the other Defendants for a lack of information or belief.

13.     TSG Defendants state that the provisions of the Colorado Common Interest

Ownership Act ("CCIOA") and their application to the allegations in the Complaint are legal

conclusions to which no further response is required.  TSG Defendants deny that the CCIOA

applies to the TSG Defendants.  To the extent a response is required, TSG Defendants deny any

CCIOA violations occurred or that the TSG Defendants knew of, authorized, or facilitated any

violations of the CCIOA.  TSG Defendants deny all remaining allegations of this paragraph.

14.     TSG Defendants admit that during a POA meeting, Mr. Brunjes acknowledged that

TRS may have paid some expenses on behalf of the POA and that TRS may not be liable for the full

$15.5 million alleged in the March 2019 Letter, assuming some of those expenses were properly

incurred and allocated to the POA.  TSG Defendants deny that they have made any monetary

demand and state that the POA is making the monetary demand.  Any remaining allegations are

denied for a lack of information or belief.

15.     The allegations of this paragraph call for a legal conclusion and, therefore, no further

response is required.  To the extent a response is required, the TSG Defendants deny the allegations

of this paragraph.

## PARTIES, JURISDICTION, AND VENUE

16.     Denied for a lack of information or belief.

17.     Denied for a lack of information or belief.

18.     Denied for a lack of information or belief.

19.     Denied for a lack of information or belief.

20.     Denied for a lack of information or belief.

21.     Admitted.

22.     Admitted.

23.     Admitted.

24.     Denied for a lack of information or belief.

25.     Denied for a lack of information or belief.

26.     The allegations of this paragraph call for a legal conclusion and, therefore, no further response is required.  To the extent a response is required, the TSG Defendants do not contest the jurisdiction of the Court over this matter.

27.     The allegations of this paragraph call for a legal conclusion and, therefore, no further response is required.  To the extent a response is required, TSG Defendants state that they do not contest venue.

28.     The allegations of this paragraph call for a legal conclusion and, therefore, no further response is required.  To the extent a response is required, TSG Defendants state that they do not contest the jurisdiction of the Court over the instant matter.

## GENERAL ALLEGATIONS

29.     Admitted.

30.     Admitted.

31.     Admitted.

32.     TSG Defendants are without sufficient knowledge to admit the allegations of this paragraph and, therefore, deny this paragraph.

33.     Admitted.

34.     Admitted.

35.     Admitted.

36.     TSG Defendants admit that the residential condominium units at the Peaks are utilized as short-term rentals.  TSG Defendants object to the phrase "operated and maintained much like a hotel" because this phrase is vague and ambiguous.  In light of this objection, this paragraph is denied for a lack of information or belief.

37.     Admitted.

38.     Admitted.

39.     Admitted.

40.     TSG Defendants state that the Bylaws speak for themselves and the allegations of this paragraph are denied to the extent this paragraph misstates those Bylaws.  Any remaining allegations of this paragraph are denied for a lack of information or belief.

41.     TSG Defendants state that the Bylaws speak for themselves and the allegations of this paragraph are denied to the extent this paragraph misstates those Bylaws.  Any remaining allegations of this paragraph are denied for a lack of information or belief.

42.      TSG Defendants state that the Bylaws speak for themselves and the allegations of this paragraph are denied to the extent this paragraph misstates those Bylaws.  Any remaining allegations of this paragraph are denied for a lack of information or belief.

43.      Admitted.

44.      TSG Defendants state that the Declaration speaks for itself and the allegations of this paragraph are denied to the extent that this paragraphs misstates the Declaration.  Any remaining allegations of this paragraph are denied for a lack of information or belief.

45.      TSG Defendants state that the Declaration speaks for itself and the allegations of this paragraph are denied to the extent that this paragraphs misstates the Declaration.  Any remaining allegations of this paragraph are denied for a lack of information or belief.

46.      Denied for a lack of information or belief.

47.      The TSG Defendants were not involved with the assessment procedure at any point before 2015, do not have first-hand knowledge of that procedure, and, to the extent this paragraph asks the TSG Defendants to admit how that procedure took place prior to 2015, the TSG Defendants deny the allegations of this paragraph and all subparts for a lack of information or belief.  The TSG Defendants further state that the POA approves an operating budget each year based on the Peaks projected costs and expenses for the year.  TSG Defendants state that, upon information or belief, the budgeted expenses are allocated based upon unit square footage.  TSG Defendants deny all remaining allegations of this paragraph for a lack of information or belief.

48.      The TSG Defendants were not involved with the assessment procedure at any point before 2015, do not have first-hand knowledge of that procedure, and, to the extent this paragraph

asks the TSG Defendants to admit how that procedure took place prior to 2015, the TSG Defendants deny the allegations of this paragraph and all subparts for a lack of information or belief.

49.     Denied for a lack of information or belief.

50.     Denied for a lack of information or belief.

51.     Admitted.

52.     TSG Defendants admit that Brunjes has held multiple officer positions for the POA, Brunjes is the current vice president of the POA and Brunjes served as the POA's president in 2018. Any remaining allegations are denied for a lack of information or belief.

53.     Denied for a lack of information or belief.

54.     The TSG Defendants were not involved in hotel management prior to 2015, and, to the extent this paragraph asks the TSG Defendants to specifically admit or deny certain management protocols, TSG Defendants deny those allegations for a lack of information or belief. Since the TSG Defendants have been involved with the Peaks, it investigated the property and, as relevant here, the TSG Defendants deny upon information or belief that the POA retained the managing agent during the referenced time frame.  Upon information or belief, TRS retained GH-The Peaks Resort and Spa Management, LLC as hotel manager during the referenced time period. Upon information or belief, it is denied that Grand Heritage Hotel Group was the sole entity retained as managing agent.  As alleged by the POA in the collection action, upon information or belief, the entities retained as managing agent of the POA were Grand Heritage Hotel Group LLC, Grand Heritage Management, LLC and GH-The Peaks Resort and Spa Management, LLC.  Any remaining allegations are denied for a lack of information or belief.

55.     Denied for a lack of information or belief.

56.     Denied for a lack of information or belief.

57.     Denied for a lack of information or belief.

58.     Denied for a lack of information or belief.

59.     Denied for a lack of information or belief.

60.     Denied for a lack of information or belief.

61.     Denied for a lack of information or belief.

62.     Denied for a lack of information or belief.

63.     Denied for a lack of information or belief.

64.     Denied for a lack of information or belief.

65.     Denied for a lack of information or belief.

66.     Denied for a lack of information or belief.

67.     Denied for a lack of information or belief.

68.     Denied for a lack of information or belief.

69.     TSG Defendants state that the referenced policies speak for themselves and this paragraph is denied to the extent it misstates those policies.  Any remaining allegations are denied for a lack of information or belief.

70.     TSG admits that it acquired 13 of the 14 commercial units in the Peaks in 2015.  The TSG Defendants admit that PHLLC took over management of the POA, the property, and rental program.  TSG Defendants state that the closing documents speak for themselves and, to the extent this paragraph misstates those closing documents, it is denied.  Any remaining allegations are denied for a lack of information or belief.

71.     TSG Defendants object to this paragraph because the phrase "acted as the manager of the POA" is vague and ambiguous.  Without waiving any objections, this paragraph is denied by the TSG Defendants.

72.     The TSG Defendants admit that TSG Defendants' representatives looked into the budgeting process prior to its purchase.  TSG objects to the allegations of this paragraph because they generally refer to an undefined "budgeting and true-up process" that has yet to be fully disclosed.  In light of this objection, any remaining allegations of this paragraph are denied.

73.     The TSG Defendants admit that TSG Defendants' representatives looked into the budgeting process prior to its purchase.  TSG objects to the allegations of this paragraph because they generally refer to an undefined "operations and finances" and that phrase is vague and ambiguous.  In light of this objection, any remaining allegations of this paragraph are denied.

74.     The TSG Defendants admit that TSG was provided documentation related to the purchase of some of the commercial and residential Peaks properties and that TSG representatives communicated and met with TRS representatives.  TSG Defendants object to this paragraph because the documentation and numerous meetings covered a myriad of different topics.  The TSG Defendants deny that the True-Up Process satisfied TRS's obligations.  In light of the prior objections, any remaining allegations are denied for a lack of information or belief.

75.     The TSG Defendants admit that TSG was provided documentation related to the purchase of the Peaks property and TSG representatives communicated with TRS representatives and accountants.  The TSG Defendants state that the allegations in this paragraph misrepresent the referenced email and deny that the True-Up Process satisfied TRS's assessment obligations.  Any remaining allegations are denied for a lack of information or belief.

76.     The TSG Defendants admit that TSG was provided documentation related to the purchase of the Peaks property.  The TSG Defendants state that Plaintiffs' characterization of the records is incorrect.  The TSG Defendants object to the allegation that "Defendants maintained control over the underlying accounting records and invoices supporting the true-up documentation" because it assumes that there is backup for the true-up documentation and the TSG Defendants deny that such documentation exists because Plaintiffs' are in fact in possession and control of certain documentation purporting to show equivalent common expenses paid.  TSG Defendants state that Plaintiffs allowed the POA to review this documentation but, upon information or belief, Plaintiffs have refused to allow the POA to copy this documentation.  TSG Defendants object to Plaintiffs' characterization of the financial records because they were not organized or understandable.  In light of these objection, TSG Defendants deny any remaining allegations of this paragraph.

77.     The TSG Defendants admit that certain accounting records and invoices related to the management of the Peaks were at the Peaks in May of 2017, but deny Plaintiffs' characterization of those records.  The TSG Defendants admit that such email communications do exist and those communications speak for themselves, and to the extent the allegations of this paragraph misstate that email, this paragraph is denied.  Any remaining allegations are denied for a lack of information or belief.

78.     Denied.

79.     The TSG Defendants state that it received certain governing documents in 2015 and those governing documents speak for themselves and, to the extent the allegations of this paragraph misstate those governing documents, they are denied.  The TSG Defendants deny that TRS satisfied its assessment obligations.  Any remaining allegations are denied for a lack of information or belief.

80.     The TSG Defendants admit that a separate entity purchased two penthouse units after July 2015.

81.     The TSG Defendants states that POA members are appointed pursuant to the governing documents.  The TSG Defendants admit that Bill Jensen served as the President of the POA for a period of time and that Tom Richards served on the POA Board for a period of time.  Any remaining allegations are denied.

82.     The TSG Defendants object to this paragraph to the extent it is based on an assumption that it is inappropriate for individuals to serve different roles in different entities.  The TSG Defendants object to the phrase "controlling the POA Board" because that phrase is vague and ambiguous.  The TSG Defendants state that The POA Board is appointed and acts pursuant to the POA governing documents.  The TSG Defendants deny that TSG controls all aspects of the financial and operational management of the POA and The Peaks property as alleged in this paragraph.  The TSG Defendants admit that Kristen Meucci and Ryan Burke served in roles both in the TSG organization and the POA.  The TSG Defendants deny that there are any issues stemming from these roles.  The TSG Defendants deny any remaining allegations in this paragraph for a lack of information or belief.

83.     Admitted that Brunjes serves on the POA Board and has served on the POA Board since 2015.

84.     Admitted and, upon information or belief, Herrick served prior to 2015 as well.

85.     Denied for a lack of information or belief.

86.     Admitted that TRS and HRP have remained members of the POA through their continued ownership of units in the Peaks between 2015 and the present.  Regarding the allegations

concerning Herrick's status as manager of TRS, HRP, and PCP, denied for a lack of information or belief.  Any remaining allegations are denied for a lack of information or belief.

87.     Admitted.

88.     Admitted.

89.     Admitted.

90.     The referenced Association Management Agreement ("AMA") speaks for itself and, to the extent the allegations of this paragraph misstate those allegations, it is denied.  The TSG Defendants admit that the AMA exists but denies Plaintiffs' characterizations of the AMA.  Any remaining allegations of this paragraph are denied.

91.     The AMA speaks for itself and, to the extent the allegations of this paragraph misstate those allegations, it is denied.  The TSG Defendants admit that the AMA exists but denies Plaintiffs' characterizations of the AMA.  Any remaining allegations of this paragraph are denied.

92.     The referenced AMA speaks for itself and, to the extent the allegations of this paragraph misstate those allegations, it is denied.  The TSG Defendants admit that the AMA exists but denies Plaintiffs' characterizations of the AMA.  Any remaining allegations of this paragraph are denied.

93.     The TSG Defendants state that PHLLC receives compensation pursuant to the terms of the AMA.  Any remaining allegations are denied for a lack of information or belief.

94.     The TSG Defendants state that the First Amendment to the AMA speaks for itself and, to the extent this paragraph misstates that Amendment, this paragraph is denied.  The TSG Defendants admit that the Amendment was signed by Brunjes and Jensen.  Any remaining allegations are denied for a lack of information or belief.

95.     The TSG Defendants state that the Rental Management Agreement speaks for itself and, to the extent this paragraph misstates that Rental Management Agreement, this paragraph is denied.  The TSG Defendants admit that Chuck Horning signed the Rental Management Agreement.  Any remaining allegations are denied for a lack of information or belief.

96.     The TSG Defendants admit that the parties entered into a Rental Management Agreement and that Rental Management Agreement speaks for itself and, to the extent this paragraph misstates the Rental Management Agreement, this paragraph is denied.  The TSG Defendants deny Plaintiffs' characterizations of the Rental Management Agreement and any remaining allegations of this paragraph.

97.     The TSG Defendants admit that the referenced parties entered into the Rental Management Agreement and the AMA in 2015.  The TSG Defendants state that these documents speak for themselves and, to the extent the allegations of this paragraph misstate those documents, it is denied.  The TSG Defendants deny Plaintiffs' characterizations of the Rental Management Agreement and AMA and deny the remaining allegations of this paragraph.

98.     The TSG Defendants admit the referenced parties entered into the Rental Management Agreement and that document speaks for itself and this paragraph is denied to the extent it misstates that document.  Any remaining allegations of this paragraph are denied.

99.     The TSG Defendants admit that PHLLC receives compensation under the Rental Management Agreement and that document speaks for itself and, to the extent the allegations of this paragraph misstate the Rental Management Agreement, it is denied.

100.     The TSG Defendants admit that Haynie was hired to perform work related to the POA in 2015.  The allegations concerning Mr. Richards "dual roles" is vague and ambiguous in this

paragraph and, therefore, any remaining allegations in this paragraph are denied for a lack of information or belief.

101.    The TSG Defendants admit that Mr. Berry was one of the contacts for Haynie in connection with the 2015 work.  The TSG Defendants did not create the workpapers discussed in this paragraph, so it cannot speak to the reasons behind the representations made in those workpapers.  TSG denies that the POA "is managed by Telluride Ski & Golf."  TSG denies that it "is responsible for the day-to-day operations" of the Association.  TSG denies that the POA relies on TSG to "oversee accounting" for the Association.  Any remaining allegations are denied for a lack of information or belief.

102.    These allegations appear to be directed at Haynie and, therefore, no further response is required by the TSG Defendants and the allegations of this paragraph are denied for a lack of information or belief.

103.    These allegations appear to be directed at Haynie and, therefore, no further response is required by the TSG Defendants and the allegations of this paragraph are denied for a lack of information or belief.

104.    These allegations appear to be directed at Haynie and, therefore, no further response is required by the TSG Defendants and the allegations of this paragraph are denied for a lack of information or belief.

105.    The TSG Defendants admit that Mr. Richards provided Haynie information about the POA's finances when Haynie was performing POA related work in 2015-2016.  The TSG Defendants deny that TRS satisfied its assessment obligations through the True-Up Process.  The TSG Defendants did not create the notation referenced in paragraph 105 and, therefore, cannot

speak to the reasoning behind it.  The TSG Defendants admit that Haynie had access to all documentation that it requested to perform the work in 2015-2016, including the governing documents.  The TSG Defendants deny that the governing documents expressly authorized the so-called True-Up Process as carried out by Plaintiffs.  Any remaining allegations are denied for a lack of information or belief.

106.   The allegations in this paragraph cherry pick and misstate the conclusions of the March 31, 2016, report and, therefore, the TSG Defendants deny this paragraph.

107.   Denied for a lack of information or belief.

108.   Denied.  The new Responsible Governance Policies were adopted in November of 2015 and signed by Todd Herrick.  Since then, there have been minor updates and amendments to these Policies.  Admitted that the Governance Policies are "in addition to the terms of" the Original Declaration, the Original Bylaws, and other governing documents of the Peaks.

109.   The TSG Defendants admit that the POA adopted updated Governance Policies as referenced above and those documents speak for themselves and to the extent the allegations of this paragraph misstate those policies, this paragraph is denied.  The TSG Defendants deny Plaintiffs' characterization of the Governance Policies.  The TSG Defendants deny any remaining allegations of this paragraph.

110.   The TSG Defendants admit that the POA adopted Governance Policies and states those documents speak for themselves.  The TSG Defendants deny Plaintiffs' characterization of the Governance Policies and deny the allegations in this paragraph to the extent those characterizations conflict with the referenced documents.  Any remaining allegations of this paragraph are denied.

111.    The TSG Defendants admit that the POA adopted Governance Policies and state those documents speak for themselves.  The TSG Defendants deny Plaintiffs' characterization of the Governance Policies and deny the allegations in this paragraph to the extent those characterizations conflict with the referenced documents.  Any remaining allegations of this paragraph are denied.

112.    The TSG Defendants admit that the POA adopted the Governance Policies and states those documents speak for themselves.  The TSG Defendants deny Plaintiffs' characterization of the Governance Policies and deny the allegations in this paragraph to the extent those characterizations conflict with the referenced documents.  Any remaining allegations of this paragraph are denied.

113.    The TSG Defendants state that C.R.S. § 38-33.3-209.5 speaks for itself and, to the extent the allegations in this paragraph misstate or mischaracterize that statute, this paragraph is denied.  Any remaining allegations of this paragraph are denied.

114.    The TSG Defendants state that C.R.S. § 38-33.3-209.5 speaks for itself and, to the extent the allegations in this paragraph misstate or mischaracterize that statute, this paragraph is denied.  Any remaining allegations of this paragraph are denied.

115.    Denied for a lack of information or belief.

116.    Denied for a lack of information or belief.

117.    Denied for a lack of information or belief.

118.    The TSG Defendants deny that they were aware of the "Bulk Sales Program."  Any remaining allegations of this paragraph are denied for a lack of information or belief.

119.     The TSG Defendants state that the Declaration speaks for itself and, to the extent the allegations of this paragraph misstate the Declaration, it is denied.  Any remaining allegations of this paragraph are denied for a lack of information or belief.

120.     The TSG Defendants object to this paragraph because it describes an incomplete hypothetical and assumes facts not in evidence.  The TSG Defendants deny that any unit sales would represent a financial risk to the TSG Defendants.  The TSG Defendants state that the allegations are based on an interpretation of the Declarations that may not be appropriate and, therefore, deny any remaining allegations of this paragraph.  The TSG Defendants further state that the Declarations speak for themselves and, to the extent this paragraph misstates those declarations, it is denied.

121.     Denied for a lack of information or belief.

122.     The TSG Defendants admit that an audit was performed in the fall of 2018 relating to POA assessments.  The remaining allegations of this paragraph are denied.

123.     The TSG Defendants admit that audits were called for and performed as required. The remaining allegations of this paragraph are denied.

124.     Denied.

125.     Denied.

126.     The TSG Defendants admit that Ryan Burke drafted a report setting forth the results of his internal audit.  The TSG Defendants deny Plaintiffs' characterizations of that report and state that the report speaks for itself and, to the extent the allegations of this paragraph misstate that report, it is denied.  Any remaining allegations of this paragraph are denied.

127.    The TSG Defendants admit that Ryan Burke drafted a report.  The TSG Defendants deny Plaintiffs' characterizations of that report and state that the report speaks for itself and, to the extent the allegations of this paragraph misstate that report, it is denied.  Any remaining allegations of this paragraph are denied.

128.    Denied.

129.    The TSG Defendants admit that the results of the audit were circulated to appropriate parties in 2019.  The TSG Defendants deny all remaining allegations of this paragraph.

130.    Denied.

131.    The TSG Defendants deny that they owed or breached any duties to Plaintiffs.  Any remaining allegations are directed other Defendants and they are therefore denied for a lack of information or belief.

132.    The allegations of this paragraph refer to an alleged relationship that has been determined to be irrelevant in this Court's Order following a discovery dispute dated January 27, 2021.  As a result, TSG moves to strike the allegations of this paragraph.  To the extent a response is required to this paragraph, the TSG Defendants deny it for a lack of information or belief.

133.    The TSG Defendants admit that Mr. Berry sent an email to Mr. Warnick on or around November 12, 2018, but denies the email was sent "on behalf of TSG."  The TSG Defendants deny that Mr. Warnick forwarded the email to Ms. McLeod for a lack of information or belief.  The TSG Defendants admit that Ms. McLeod was involved in the 2015 work done regarding the POA.  Any remaining allegations are denied for a lack of information or belief.

134.    TSG Defendants deny what Haynie is alleged to have known for a lack of information or belief.  TSG Defendants deny that TRS satisfied its assessment obligations through

the so-called True-Up Process.  Any remaining allegations are denied for a lack of information or belief.

135.    The TSG Defendants state that scope of work between the POA and Haynie has been set forth in previously disclosed documentation, which speaks for itself.  The TSG Defendants deny any remaining allegations for a lack of information or belief.

136.    The TSG Defendants state that the scope of work between the POA and Haynie has been set forth in previously disclosed documentation, which speaks for itself.  The TSG Defendants deny that the so-called True-Up Process was appropriately utilized to pay the assessments.  The TSG Defendants admit that they had all relevant governing documents, including the 2012 Responsible Governance Policies, but denies that the governing documents authorized the so-called True-Up Process as carried out by Plaintiffs.  Any remaining allegations are denied for a lack of information or belief.

137.    The TSG Defendants state that the scope of work between the POA and Haynie has been set forth in previously disclosed documentation, which speaks for itself.  The TSG Defendants admit POA entered into an engagement letter with Haynie dated December 3, 2018, and states that the letter speaks for itself.  The TSG Defendants deny the allegations of this paragraph to the extent the allegations in this paragraph misstate the letter.  Any remaining allegations are denied for a lack of information or belief.

138.    The TSG Defendants state that the scope of work between the POA and Haynie has been set forth in previously disclosed documentation, which speaks for itself.  The TSG Defendants deny Plaintiffs' characterization of Haynie's scope of work.  Any remaining allegations are denied for a lack of information or belief.

139.    Denied.

140.    The TSG Defendants admit that Mc. McLeod met with Mr. Burke and Mr. Berry on or around December 4, 2018.  The TSG Defendants do not know what actions Haynie took after this meeting.  Any remaining allegations in this paragraph are denied for a lack of information or belief.

141.    The TSG Defendants deny that TRS appropriately paid dues through the so-called True-Up Process.  Any remaining allegations in this paragraph are denied for a lack of information or belief.

142.    The TSG Defendants admit that Haynie provided a draft of the agreed-upon procedures to Mr. Berry.  The remaining allegations in this paragraph are denied.

143.    Denied.

144.    The TSG Defendants cannot speak to why Ms. McLeod marked the internal checklist in the manner that she marked it.  The TSG Defendants deny that they created or manipulated the audit procedures and findings.  The TSG Defendants deny any remaining allegations in this paragraph for a lack of information or belief.

145.    The TSG Defendants deny that Haynie's audit workpapers plainly reveal that TRS paid assessments through payment of expenses on the POA's behalf rather than depositing money into the POA's bank statements and, therefore denies that Haynie's workpapers contradict the procedures that were determined by Haynie and the POA.  The TSG Defendants deny that they determined the procedures that were carried by with Haynie.  The TSG Defendants cannot speak to why Ms. McLeod filled out the checklist in the manner in which she did and, therefore, denies this allegation in this paragraph for a lack of information or belief.  Any remaining allegations in this paragraph are denied for a lack of information or belief.

146.    Denied.

147.    The TSG Defendants admit that Haynie issued a report on February 7, 2019, and that report speaks for itself and, to the extent the allegations of this paragraph misstate that report, this paragraph is denied.  The TSG Defendants deny Plaintiffs' characterization of the report and deny any remaining allegations of this paragraph.

148.    The TSG Defendants admit that Haynie's report did not identify any assessments that were paid by TRS through a transfer of funds from TRS to the POA's bank accounts.  Any remaining allegations of this paragraph are denied.

149.    Denied.

150.    The TSG Defendants deny the allegations of this paragraph regarding Haynie's knowledge for a lack of information or belief.  The TSG Defendants deny that it was involved in creating any sort of misleading or manipulative procedures.  Any remaining allegations are denied for a lack of information or belief.

151.    The TSG Defendants cannot speak to Haynie's knowledge and, therefore, denies the allegations of this paragraph for a lack of information or belief.

152.    The TSG Defendants deny that they owe any duties to the Plaintiffs.  Any remaining allegations are denied for a lack of information or belief.

153.    The relationship between TSG and Haynie has been determined to be irrelevant for the reasons stated in this Court's Order dated January 27, 2021, and, therefore, the TSG Defendants move to strike this paragraph.  To the extent a response is required,  the TSG Defendants state that the Haynie defendants are independent from TSG and, therefore, deny that aspect of this paragraph.  The TSG Defendants cannot speak to Haynie's knowledge and, therefore, deny that aspect of this

paragraph for a lack of information or belief.  The TSG Defendants deny that any unlawful scheme took place.  Any remaining allegations are denied for a lack of information or belief.

154.    Denied.

155.    The TSG Defendants admit that a letter dated March 21, 2019 was sent to a number of individuals and entities and that letter speaks for itself and, to the extent the allegations of this paragraph misstate the representations in that letter, this paragraph is denied.  Any remaining allegations of this paragraph are denied for a lack of information or belief.

156.    The TSG Defendants admit that the POA sent the March 21, 2019 letter and the POA decided to whom to send the letter.  Any remaining allegations of this paragraph are denied for a lack of information or belief.

157.    The TSG Defendants state that the March 21, 2019 letter speaks for itself and, to the extent the allegations of this paragraph misstate this letter, the allegations of this paragraph are denied.  The TSG Defendants deny any remaining allegations for a lack of information or belief.

158.    The TSG Defendants state that the March 21, 2019 letter speaks for itself and, to the extent the allegations of this paragraph misstate this letter, the allegations of this paragraph are denied.  The TSG Defendants deny any remaining allegations for a lack of information or belief.

159.    The TSG Defendants state that the March 21, 2019 letter speaks for itself and, to the extent the allegations of this paragraph misstate this letter, the allegations of this paragraph are denied.  The TSG Defendants deny any remaining allegations for a lack of information or belief.

160.    The TSG Defendants state that the March 21, 2019 letter speaks for itself and, to the extent the allegations of this paragraph misstate this letter, the allegations of this paragraph are denied.  The TSG Defendants admit that the March 21, 2019 letter was sent to Land Title Guarantee

Company's Telluride, Colorado Office but the TSG Defendants deny that they were the entities that made that decision.  The TSG Defendants deny any remaining allegations for a lack of information or belief.

161.    The TSG Defendants state that the March 21, 2019 letter speaks for itself and, to the extent the allegations of this paragraph misstate this letter, the allegations of this paragraph are denied.  The TSG Defendants deny any remaining allegations for a lack of information or belief.

162.    The allegations of this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, the TSG Defendants state that the decision to distribute the March 21, 2019 letter was made by the POA, and, therefore, the TSG Defendants deny the allegations of this paragraph for a lack of information or belief.

163.    The TSG Defendants state that the March 21, 2019 letter and the demands therein speak for themselves and, to the extent the allegations of this paragraph misstate this letter, the allegations of this paragraph are denied.  The TSG Defendants deny any remaining allegations for a lack of information or belief.

164.    Denied.

165.    Denied.

166.    The TSG Defendants state that the March 21, 2019 letter speaks for itself and, to the extent the allegations of this paragraph misstate this letter, the allegations of this paragraph are denied.  The TSG Defendants deny that they made any representations in the March 21, 2019 letter because the letter was sent by the POA and not the TSG Defendants.  The TSG Defendants deny any remaining allegations for a lack of information or belief.

167.    The TSG Defendants deny that they made any representations in the March 21, 2019 letter because the letter was sent by the POA and not the TSG Defendants.  The TSG Defendants state that the March 21, 2019 letter speaks for itself and, to the extent the allegations in this paragraph misstate that letter, they are denied.  To the extent any further response is necessary, TSG Defendants deny the allegations of this paragraph.

168.    The TSG Defendants state that the March 21, 2019 letter speaks for itself and, to the extent the allegations of this paragraph misstate this letter, the allegations of this paragraph are denied.  The TSG Defendants deny that they made any representations, let alone misrepresentations, in the March 21, 2019 letter.  The TSG Defendants deny any remaining allegations for a lack of information or belief.

169.    Denied.

170.    The TSG Defendants deny that they participated in communications with Haynie regarding the March 21, 2019, letter.  Mr. Richards and Mr. Jensen were both POA representatives as of April 4 and April 5, 2019.  Any remaining allegations are denied for a lack of information or belief.

171.    The TSG Defendants deny that they published anything - the March 21, 2019, letter was distributed by the POA.  The TSG Defendants deny that the letter is false and misleading.  Any remaining allegations relate to Haynie's alleged knowledge and those aspects of this paragraph are denied for a lack of information or belief.

172.    Denied.

173.    Denied.

174.    The TSG Defendants deny that the Haynie performed "narrow procedures"; the TSG Defendants deny that the Haynie report is "false and misleading"; and the TSG Defendants deny that the TSG Defendants used the letter for any purposes.  Any remaining allegations are denied for lack of information or belief.

175.    Denied.

176.    The TSG Defendants object to this paragraph because it references a document and an agreement that is irrelevant to the outcome of this case and is, therefore, inadmissible.  The TSG Defendants object to the allegations of this paragraph to the extent it references a document protected by the attorney client privilege.  Without waiving any objections, admitted.

177.    Denied.

178.    The TSG Defendants object to this paragraph because it references a document and an agreement that is irrelevant to the outcome of this case and is, therefore, inadmissible.  The TSG Defendants object to the allegations of this paragraph to the extent it references a document protected by the attorney client privilege.  The TSG Defendants admit that the referenced parties entered into the Funding Agreement and the Funding Agreement speaks for itself and, to the extent the allegations of this paragraph misstate the Funding Agreement, this paragraph is denied.  Any remaining allegations are denied for a lack of information or belief.

179.    The TSG Defendants object to this paragraph because it references a document and an agreement that is irrelevant to the outcome of this case and is, therefore, inadmissible.  The TSG Defendants object to the allegations of this paragraph to the extent it references a document protected by the attorney client privilege.  The TSG Defendants admit that the referenced parties entered into the Funding Agreement and the Funding Agreement speaks for itself and, to the extent

the allegations of this paragraph misstate the Funding Agreement, this paragraph is denied.  Any remaining allegations are denied for a lack of information or belief.

180.    The TSG Defendants object to this paragraph because it references a document and an agreement that is irrelevant to the outcome of this case and is, therefore, inadmissible.  The TSG Defendants object to the allegations of this paragraph to the extent it references a document protected by the attorney-client privilege.  The TSG Defendants admit that the referenced parties entered into the Funding Agreement and the Funding Agreement speaks for itself and, to the extent the allegations of this paragraph misstate the Funding Agreement, this paragraph is denied.  Any remaining allegations are denied for a lack of information or belief.

181.    The TSG Defendants admit that in 2018, Mr. Todd Herrick served as a Director on the POA Board and that TRS and HRP were members of the POA.  All remaining allegations of this paragraph are denied.

182.    The TSG Defendants object to this paragraph because it references a document and an agreement that is irrelevant to the outcome of this case and is, therefore, inadmissible.  The TSG Defendants object to the allegations of this paragraph to the extent it references a document protected by the attorney client privilege.  The TSG Defendants admit that the referenced parties entered into the Funding Agreement and the Funding Agreement speaks for itself and, to the extent the allegations of this paragraph misstate the Funding Agreement, this paragraph is denied.  Any remaining allegations are denied for a lack of information or belief.

183.    The TSG Defendants object to this paragraph because it references a document and an agreement that is irrelevant to the outcome of this case and is, therefore, inadmissible.  The TSG Defendants object to the allegations of this paragraph to the extent it references a document

protected by the attorney client privilege.  The TSG Defendants admit that the referenced parties entered into the Funding Agreement and the Funding Agreement speaks for itself and, to the extent the allegations of this paragraph misstate the Funding Agreement, this paragraph is denied.  The TSG Defendants deny the that the Attorney Fee Agreement "confirms" that the internal audit served as "a primary basis" for the March 21, 2019, letter.  Any remaining allegations are denied for a lack of information or belief.

184.    The TSG Defendants object to this paragraph because it references a document and an agreement that is irrelevant to the outcome of this case and is, therefore, inadmissible.  The TSG Defendants object to the allegations of this paragraph to the extent it references a document protected by the attorney client privilege.  The TSG Defendants admit that the referenced parties entered into the Funding Agreement and the Funding Agreement speaks for itself and, to the extent the allegations of this paragraph misstate the Funding Agreement, this paragraph is denied.  Any remaining allegations are denied for a lack of information or belief.

185.    The TSG Defendants object to this paragraph because it references a document and an agreement that is irrelevant to the outcome of this case and is, therefore, inadmissible.  The TSG Defendants object to the allegations of this paragraph to the extent it references a document protected by the attorney client privilege.  Without waiving any objections, this paragraph is denied.

186.    Admitted.

187.    Admitted.

188.    Denied.

189.    The allegations of this paragraph call for a legal conclusion and, therefore, no further response is required.  All duties are as set forth under Colorado law and the POA governing

documents and, to the extent this paragraph misstates those duties, it is denied.  The allegations of this paragraph reference documents that speak for themselves and, to the extent this paragraph misstates those documents, it is denied.  Any remaining allegations are denied for a lack of information or belief.

190.     The allegations of this paragraph call for a legal conclusion and, therefore, no further response is required.  To the extent a response is required, this paragraph is denied.

191.     The allegations of this paragraph reference documents that speak for themselves and, to the extent this paragraph misstates those documents, it is denied.  Any remaining allegations are denied for a lack of information or belief.

192.     The allegations of this paragraph do not appear to be directed at the TSG Defendants and, therefore, no further response is required.  To the extent a response is required, this paragraph is denied.

193.     The TSG Defendants deny that either of the TSG Defendants have anything to do with carrying out POA business and, therefore, no further response is required.  To the extent a response is required, this paragraph is denied.

194.     Denied.

195.     The TSG Defendants object to this paragraph to the extent it references irrelevant information that is inadmissible in this case.  The TSG Defendants object to this paragraph to the extent it references a document that is protected by attorney-client privilege.  Without waiving any objections, the TSG Defendants admit that TSG has paid some legal fees incurred by Mr. Brunjes and Mr. Solomon.  The remaining allegations of this paragraph are denied.

196.     Denied.

197.    Denied.

198.    Denied.  The TSG Defendants state that Mr. Solomon was retained as POA legal counsel on June 1, 2015.

199.    The TSG Defendants admit that Mr. Solomon has served as general counsel to the POA from June 1, 2015 to the present.  The TSG Defendants additionally state that Ms. Solomon left the Solomon firm in January 2013 and has served as TSG general counsel since early 2013. The TSG Defendants deny that Ms. Solomon was a partner at Mr. Solomon's firm at the relevant time period or since.  Any remaining allegations of this paragraph are denied for a lack of information or belief.

200.    Denied.

201.    The TSG Defendants deny that the March 21, 2019 letter is false and misleading. Any remaining allegations are denied for a lack of information or belief.

202.    The TSG Defendants admit that Plaintiffs have provided some documentation and information to the POA related to this issue.  The TSG Defendants deny that the information provided was sufficient to demonstrate that TRS had properly paid assessments from 2010-2015, and deny all remaining allegations of this paragraph.

203.    The TSG Defendants deny that they published anything since the March 21, 2019 letter was sent by the POA and not the TSG Defendants.  The TSG Defendants object to Plaintiffs' characterizations of the meeting minutes and further state that the minutes speak for themselves and, to the extent the allegations of this paragraph misstate those minutes, this paragraph is denied.  Any remaining allegations are denied for a lack of information or belief.

204.     The TSG Defendants deny Plaintiffs' characterizations of the meeting minutes and further state that the minutes speak for themselves and, to the extent the allegations of this paragraph misstate those minutes, this paragraph is denied.  Any remaining allegations are denied for a lack of information or belief.

205.     The TSG Defendants admit that Mr. Brunjes has acknowledged that TRS paid some expenses on behalf of the POA and stated that TRS may not be liable for the full $15.5 million alleged in the March 2019 Letter.  The meeting minutes speak for themselves and, to the extent this paragraph misstates those minutes, it is denied.  Any remaining allegations are denied for a lack of information or belief.

206.     The TSG Defendants admit that Mr. Brunjes has acknowledged that TRS paid some expenses on behalf of the POA and stated that TRS may not be liable for the full $15.5 million alleged in the March 2019 Letter.  The meeting minutes speak for themselves and, to the extent this paragraph misstates those minutes, it is denied.  Any remaining allegations are denied for a lack of information or belief.

207.     The TSG Defendants admit that since March 2019, Plaintiffs have provided some documents and information to the POA related to TRS's payment of certain POA expenses.  TSG Defendants deny that the information provided was sufficient to demonstrate that TRS had properly paid assessments from 2010-2015.  The TSG Defendants deny all remaining allegations of this paragraph.

208.     The TSG Defendants admit that Plaintiffs requested that the POA retract the March 2019 letter and the POA's demand for payment of unpaid assessments.  The TSG Defendants deny all remaining allegations of this paragraph for a lack of information or belief.

209.    TSG Defendants deny that they made any monetary demand and the TSG Defendants cannot retract what they did not distribute.  Any remaining allegations in this paragraph are denied for a lack of information or belief.

210.    The TSG Defendants admit that TSG provided a memorandum dated July 28, 2019, and that memorandum speaks for itself and, to the extent the allegations of this paragraph misstate that memorandum, it is denied.  TSG Defendants object to reference to this document to the extent it is privileged or work product protected.  The TSG Defendants deny Plaintiffs' characterization of the memorandum.  Any remaining allegations are denied for a lack of information or belief.

211.    The TSG Defendants admit that TSG provided a memorandum dated July 28, 2019, and that memorandum speaks for itself and, to the extent the allegations of this paragraph misstate that memorandum, it is denied.  TSG Defendants object to reference to this document to the extent it is privileged or work product protected.  The TSG Defendants deny Plaintiffs' characterization of the memorandum.  Any remaining allegations are denied for a lack of information or belief.

212.    The TSG Defendants state that they did not distribute the March 21, 2019, letter and, therefore, they cannot retract it.  The TSG Defendants admit that Plaintiffs requested that the POA retract the March 2019 Letter, and that the POA has not withdrawn or modified the letter.  Any remaining allegations in this paragraph are denied for a lack of information or belief.

213.    The TSG Defendants state that they have never made any sort of demand to Plaintiffs and, therefore, the allegations of this paragraph are denied for a lack of information or belief.

214.    The TSG Defendants deny that it authored or sent the March 21, 2019 letter.  The TSG Defendants admit that the Plaintiffs have requested additional information regarding the

demands contained in the March 2019 Letter.  The TSG Defendants state that they have not made any demand to the Plaintiffs.  Any remaining allegations are denied.

215.    The TSG Defendants did not publish the Debt Collection Letter and, therefore, the allegations of this paragraph do not appear to be directed at the TSG Defendants and no further response is required.  The TSG Defendants object to this paragraph to the extent it assumes that the TSG Defendants had a responsibility to call for a vote from the POA members.  All duties are as set forth under Colorado law and the POA governing documents and, to the extent this paragraph misstates those duties, it is denied.  Without waiving any objections, the TSG Defendants deny this paragraph for a lack of information or belief.

216.    Denied for a lack of information or belief.

217.    The TSG Defendants object to this paragraph because it is not clear who it is directed at and, therefore, impossible to respond to.  The TSG Defendants object to this paragraph because the phrase "acting on behalf of and with the approval of Jensen, Brunjes, and Richards" is vague and ambiguous as it is subject to multiple interpretations.  The TSG Defendants state that Joe Solomon is POA counsel.  The TSG Defendants object to this paragraph to the extent it seeks information protected by the attorney-client privilege or work product doctrines.  The TSG Defendants state that the referenced correspondence speaks for itself and, to the extent it misstates that correspondence, this paragraph is denied.  Without waiving any objections, the TSG Defendants deny that Solomon was acting on the TSG Defendants behalf.  Without waiving any objections, the TSG Defendants deny that the referenced Solomon correspondence contained any knowing misrepresentations.  Any remaining allegations are denied for a lack of information or belief.

218.    The TSG Defendants deny that it is claiming unpaid assessments.  The POA is making a claim for unpaid assessments.  The TSG Defendants are aware of the subject request for information and that request was presented to the appropriate parties at the POA for a response.  Any remaining allegations are denied for a lack of information or belief.

219.    The TSG Defendants are not responsible for providing anything to other POA members and, therefore, there is nothing for the TSG Defendants to "comply with" and, as a result, the allegations of this paragraph are denied.

220.    The TSG Defendants state that they are aware of the June 26, 2019 letter and that letter speaks for itself.  The TSG Defendants generally deny the representations made in the June 26, 2019 letter.  The TSG Defendants deny that they did anything to harm Plaintiffs because the TSG Defendants did not make the demand.  Any remaining allegations in this paragraph are denied for a lack of information or belief.

221.    The allegations of this paragraph are directed at the POA and, therefore, no further response is required by the TSG Defendants.  To the extent a response is required, the TSG Defendants object to this paragraph to the extent that it assumes a duty that does not exist.  Without waiving any objections, the TSG Defendants deny this paragraph for a lack of information or belief.

222.    The TSG Defendants are not responsible for disclosing correspondence to other POA members.  TSG Defendants object to this paragraph to the extent that it assumes a duty that does not exist.  Without waiving any objections, the TSG Defendants deny this paragraph for a lack of information or belief.

223.    The TSG Defendants admit that a POA member sent an email on July 3, 2019 to POA representative Kristin Meucci and that Joe Solomon responded to that email.  The referenced

correspondence speaks for itself and, to the extent the allegations of this paragraph misstate that correspondence, it is denied.  The TSG Defendants state that Joe Solomon was POA retained counsel.  Any remaining allegations are denied for a lack of information or belief.

224.   Denied.

225.   The TSG Defendants object to this paragraph to the extent it is based on a duty that does not exist between Plaintiffs and the TSG Defendants.  Without waiving any objections, this paragraph is denied.

226.   Denied.

227.   Denied.

228.   The TSG Defendants deny that it circulated the March 21, 2019 letter and any further allegations of this paragraph are denied.

229.   The TSG Defendants state that they have not disclosed the letter to anyone and that the POA disclosed the letter.  Any remaining allegations in this paragraph are denied for a lack of information or belief.

230.   Denied for a lack of information or belief.

231.   Denied.

232.   Denied.

233.   The TSG Defendants object to this paragraph because it is hearsay and it is appropriately struck.  Without waiving any objections, this paragraph is denied.

234.   Denied that the TSG Defendants engaged in any wrongdoing or caused the Plaintiffs to incur any damages.  Any remaining allegations of this paragraph are denied for a lack of information or belief.

235.   Denied that the TSG Defendants engaged in any wrongdoing or caused the Plaintiffs to incur any damages.  Any remaining allegations of this paragraph are denied for a lack of information or belief.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
Violation of the Colorado Common Interest Ownership Act
(Against the POA)

236.   The TSG Defendants incorporate by reference all other paragraphs of this Answer.

237-247.   Plaintiffs' First Claim for Relief is not directed at the TSG Defendants and, therefore, no response is required.  To the extent a response is required, the TSG Defendants deny the allegations of paragraphs 237-247.

**SECOND CLAIM FOR RELIEF**
Breach of the Governing Documents
(Against the POA)

248.   The TSG Defendants incorporate by reference all other paragraphs of this Answer.

249-253. Plaintiffs' Second Claim for Relief is not directed at the TSG Defendants and, therefore, no response is required.  To the extent a response is required, the TSG Defendants deny the allegations of paragraphs 249-253.

**THIRD CLAIM FOR RELIEF**
Breach of the Covenant of Good Faith and Fair Dealing
(Against the POA)

254.   The TSG Defendants incorporate by reference all other paragraphs of this Answer.

255-259.  Plaintiffs' Third Claim for Relief is not directed at the TSG Defendants and, therefore, no response is required.  To the extent a response is required, the TSG Defendants deny the allegations of paragraphs 255-259.

## FOURTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty
### (Against the POA)

260.    The TSG Defendants incorporate by reference all other paragraphs of this Answer.

261-263. Plaintiffs' Fourth Claim for Relief is not directed at the TSG Defendants and, therefore, no response is required.  To the extent a response is required, the TSG Defendants deny the allegations of paragraphs 261-263.

## FIFTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty
### (Against Brunjes)

264.    The TSG Defendants incorporate by reference all other paragraphs of this Answer.

265-269.  Plaintiffs' Fifth Claim for Relief is not directed at the TSG Defendants and, therefore, no response is required.  To the extent a response is required, the TSG Defendants deny the allegations of paragraphs 265-269.

## SIXTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty
### (Against Peaks Hotel, LLC)

270.    The TSG Defendants incorporate by reference all other paragraphs of this Answer.

271.    Paragraph 271 is admitted.

272.    The allegations of paragraph 272 call for a legal conclusion and, therefore, no further response is required.  To the extent a response is required, PHLLC states that all duties are as set forth under Colorado law and the agreements between the parties and, to the extent paragraph 246 misstates Colorado law, it is denied.  Any remaining allegations are denied for a lack of information or belief.

273.    The allegations of paragraph 273 call for a legal conclusion and, therefore, no further response is required.  To the extent a response is required, PHLLC states that all duties are set forth under Colorado law and, to the extent paragraph 273 misstates Colorado law, it is denied.  Any remaining allegations are denied for a lack of information or belief.

274.    Paragraph 274 is denied for a lack of information or belief.

275.    Paragraph 275 is denied.

276.    Paragraph 276 is denied.

277.    The allegations of paragraph 277 call for a legal conclusion and, therefore, no further response is required.  To the extent a response is required, the allegations of this paragraph are denied.

278.    The TSG Defendants deny the allegations of paragraph 278.

279.    Admitted that PHLLC is a subsidiary of TSG.  Admitted that PHLLC and TSG have overlapping representatives.  All remaining allegations of paragraph 279 are denied.

280.    The TSG Defendants object to paragraph 280 as the allegations in paragraph 280 call for a legal conclusion.  Without waiving any objections, the allegations of paragraph 280 are denied.

281.    Paragraph 281 is denied.

282.    Paragraph 282 is denied.

**SEVENTH CLAIM FOR RELIEF**
Aiding and Abetting Breach of Fiduciary Duty
(Against TSG)

283.    TSG Defendants incorporate by reference all other paragraphs of this Answer.

284.    Paragraph 284 is denied.

285.    Paragraph 285 is denied.

286.    Paragraph 286 is denied.

287.    Paragraph 287 is denied.

288.    Paragraph 288 is denied.

289.    Paragraph 289 is denied.

### EIGTH CLAIM FOR RELIEF
Slander of Title
(Against POA and TSG)

290.    TSG Defendants incorporate by reference all other paragraphs of this Answer.

291.    Paragraph 291 is denied.

292.    Paragraph 292 is denied.

293.    Paragraph 293 is denied.

### NINTH CLAIM FOR RELIEF
Civil Conspiracy
(Against All Defendants)

294.    TSG Defendants incorporate by reference all other paragraphs of this Answer.

295.    Paragraph 295 is denied.

296.    Paragraph 296 is denied.

297.    Paragraph 297 is denied.

298.    Paragraph 298 is denied.

### TENTH CLAIM FOR RELIEF
Breach of Fiduciary Duty
(Against TSG)

299.    TSG Defendants incorporate by reference all other paragraphs of this Answer.

300.    Denied.

301.     The TSG Defendants object to this paragraph because the phrase "having management control" is vague and ambiguous and subject to multiple interpretations.  The TSG Defendants state that the POA was governed as required by Colorado law and the governing documents.  The documents referenced in this paragraph speak for themselves and the TSG Defendants deny any aspect of this paragraph to the extent it misstates those documents.  Any remaining allegations in this paragraph are denied.

302.     The TSG Defendants object to this paragraph because the phrase "exercises a high degree of control and discretion of the property, operations, and finances of the POA" is vague and ambiguous and subject to multiple interpretations.  The TSG Defendants object to this paragraph to the extent it is based on a duty that does not exist between Plaintiffs and the TSG Defendants.  Without waiving any objections, this paragraph is denied.

303.     The TSG Defendants object to this paragraph because it is founded on a duty that does not exist between the TSG Defendants and Plaintiffs.  Without waiving any objections, this paragraph is denied for a lack of information or belief.

304.     Denied.

305.     Denied.

**<u>ELEVENTH CLAIM FOR RELIEF</u>**
Aiding and Abetting Breach of Fiduciary Duty
(Against Haynie)

306.     TSG Defendants incorporate by reference all other paragraphs of this Answer.

307.     Denied.

308.     Denied.

309.     Denied.

42

310.     Denied.

311.     Denied.

### GENERAL DENIAL

TSG Defendants deny all allegations in the Complaint not expressly admitted herein.

### DEFENSES

1.       Plaintiffs have failed to state a claim upon which relief can be granted because the actions Plaintiffs complain about are actions taken by the POA and not the TSG Defendants.

2.       Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and/or laches.

3.       Plaintiffs' claims are barred or reduced due to the degree or percentage of negligence or fault attributable to the Plaintiffs and/or other parties or non-parties.  Plaintiffs failed to pay appropriate assessments and the POA appropriately billed Plaintiffs for that failure to pay.  As it concerns Plaintiffs' purported inability to sell, Plaintiffs may not have properly marketed their units.

4.       Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to mitigate their damages, if any.

5.       Plaintiffs' claims are subject to dismissal pursuant to C.R.S. § 13-20-1101.

6.       Plaintiffs' claims are barred or reduced, in whole or in part, by the application of the business judgment rule.  The POA made the decision to bill Plaintiffs for their failure to pay certain dues and, upon information or belief, that decision was appropriately made.

7.       Plaintiffs' claims are barred by C.R.S. § 7-128-402 and the governing documents. TSG is merely an owner of certain aspects of the property and the PHLLC manages certain aspects of the property.  The POA made the decision to bill the Plaintiffs and the TSG Defendants are not liable for that decision.

8.      Plaintiffs' claims are barred because the TSG Defendants do not owe any duty to the Plaintiffs.

9.      Plaintiffs' eighth claim of relief (slander of title) against TSG is appropriately dismissed as a matter of law pursuant to C.R.C.P. 12(b)(5) because title was not slandered and, even if it can be considered to be slandered, TSG was not responsible for any slander, if any.

10.     Plaintiffs' claims may be barred by a failure to include an indispensable party.

11.     Plaintiffs' piercing the corporate veil claim fails as a matter of law because Plaintiffs have not alleged that the PHLLC is an alter ego or mere instrumentality; that the corporate form was used to perpetrate fraud or defeat a rightful claim; and an equitable result would be achieved by disregarding the corporate form.

12.     TSG Defendants reserve the right to add defenses as discovery progresses.

WHEREFORE, the TSG Defendants, having submitted their answer to Plaintiffs' Third Amended Complaint, respectfully requests that Plaintiffs take nothing by their Complaint, for attorney fees and costs as per Colorado Law and for such other further relief that this Court deems appropriate.

**THE TSG DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

STUART D. MORSE & ASSOCIATES, LLC

*Original signature on file at the offices of*
*Stuart D. Morse & Associates, LLC*

Dated:  April 15, 2021                  */s/Matthew J. Bayma*
                                        Matthew J. Bayma, #41464
                                        Attorneys for Defendants TSG SKI & GOLF, LLC
                                        and PEAKS HOTEL, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2021, a true and correct copy of the foregoing, **TSG SKI & GOLF, LLC AND THE PEAKS HOTEL, LLC'S JOINT ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT AND JURY DEMAND**, was electronically filed through the State of Colorado's ICCES e-filing system upon all counsel of record.

*Original signature on file at the offices of*
*Stuart D. Morse & Associates, LLC*

/s/*Matthew J. Bayma*
Matthew J. Bayma