# EXHIBIT H

| | | |
|---|---|---|
| **DISTRICT COURT, SAN MIGUEL COUNTY, COLORADO**<br><br>305 W. Colorado Avenue<br>Telluride, CO 81435<br>970-369-3300 | DATE FILED: March 4, 2020 7:53 PM<br>FILING ID: E4E1495BB6E6A<br>CASE NUMBER: 2019CV30047 | |
| **Plaintiff:**  TELLURIDE RESORT AND SPA LLC; HIGHLANDS RESORTS AT THE PEAKS LLC; EDWARD D. HERRICK, JR.<br><br>v.<br><br>**Defendants:**  H. CURTIS BRUNJES; TSG SKI & GOLF, LLC; THE PEAKS OWNERS ASSOCIATION, INC.; and PEAKS HOTEL, LLC | **▲ COURT USE ONLY ▲**<br><br>Case Number: 2019CV30047<br><br>Div.:  3 | |
| *Attorneys for Defendant H. Curtis Brunjes:*<br><br>Frederick J. Baumann, No. 12156<br>Ben Ochoa, No. 16993<br>Caitlin C. McHugh, No. 45097<br>LEWIS ROCA ROTHGERBER CHRISTIE LLP<br>1200 17th Street, Suite 3000<br>Denver, CO 80202<br>303.623.9000<br>fbaumann@lrrc.com; bochoa@lrrc.com;<br>cmchugh@lrrc.com | | |

## DEFENDANT H. CURTIS BRUNJES' ANSWER
## TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND

Defendant H. Curtis Brunjes ("Mr. Brunjes") hereby submits his Answer to the First

Amended Complaint and Jury Demand (the "Complaint") filed by Plaintiffs Telluride Resorts

and Spa, LLC ("TRS"), Highlands Resorts at the Peaks LLC, and Edward D. Herrick, Jr.

("Plaintiffs"):

**INTRODUCTION**

1.      Mr. Brunjes denies the allegations in Paragraph 1 of the Complaint.

2.      Mr. Brunjes admits that during 2009 and mid-2015, TRS owned many of the 177 residential and commercial condominium units in a residential and commercial building in Mountain Village, Colorado, known and commonly referred to as The Peaks. However, during this time, TRS sold approximately sixty-nine (69) residential condominium units to third party "Leaseback Owners." Mr. Brunjes denies all remaining allegations in Paragraph 2 of the Complaint.

3.      Mr. Brunjes admits that he served as an officer and director of the Peaks Owners Association, Inc. (the "POA") from 2009 to the present. Mr. Brunjes further admits that between 2009 and 2015, TRS paid some expenses on behalf of the POA but is without information or knowledge sufficient to form a belief as to whether those expenses were actually or properly incurred or allocated to the POA. Mr. Brunjes admits that during this time, a document was created by the POA to reconcile these expenses with the POA budget but denies the existence of a formal "True-Up" process as described in Paragraph 3. Mr. Brunjes denies all remaining allegations in Paragraph 3 of the Complaint.

4.      Mr. Brunjes admits that in July 2015, TSG acquired many of The Peaks commercial condominium units from TRS and began to appoint members of the POA Board of Directors. Mr. Brunjes further admits that TSG also assumed control over the management of the POA at that time, and that TSG appointed Peaks Hotel, LLC as POA manager.  Mr. Brunjes is without knowledge or information sufficient to form a belief as to remaining allegations in Paragraph 4 and, therefore, denies the same.

110646896.1

5.      Mr. Brunjes admits that between 2009 and 2015, he was aware that TRS paid some expenses on behalf of the POA but is without information or knowledge sufficient to form a belief as to whether those expenses were actually or properly incurred or allocated to the POA. Mr. Brunjes is without knowledge or information sufficient to form a belief as to other parties' knowledge of the same. Mr. Brunjes denies the existence of a formal "True-Up" process as described in Paragraph 5. Mr. Brunjes denies all remaining allegations in Paragraph 5 of the Complaint.

6.      Mr. Brunjes admits that in 2018 an internal audit was performed by TSG to determine whether, and to what extent, assessments were paid by TRS to the POA during the 2009-2015 time period. Mr. Brunjes further admits that the results of TRS's internal audit suggested that TRS had not paid any assessments from the 2009-2015 time period. Mr. Brunjes denies the remaining allegations in Paragraph 6 of the Complaint.

7.      Mr. Brunjes admits that in November 2018, the POA engaged Haynie & Company, P.C. ("Haynie"), an independent accounting firm, to perform an audit related to TRS's payment of assessments between 2009 and 2015. Mr. Brunjes further denies any remaining allegations in Paragraph 7 of the Complaint.

8.      Mr. Brunjes admits that Haynie issued an "Independent Account Report Applying Agreed-Upon Procedures" and states that the results and conclusions in that report speak for themselves. Mr. Brunjes denies Plaintiffs' characterizations of the report and denies any further allegations in Paragraph 8 of the Complaint.

9.      Mr. Brunjes admits that Plaintiffs are current members of the POA and admits that Mr. Herrick was a member of the POA Board of Directors in 2018.  Mr. Brunjes denies that

3

prior to 2018, he did not express any concerns to the Plaintiffs regarding the amounts of assessments paid by TRS. Mr. Brunjes is without information sufficient to form a belief as to whether any other Defendant or any other POA Board member raised concerns over the amounts of assessments paid by TRS with the Plaintiffs and, therefore, denies the same. Mr. Brunjes denies any remaining allegations in Paragraph 9 of the Complaint.

10.     Mr. Brunjes admits that on March 21, 2019, the POA authorized a letter which was sent to the Plaintiffs and other individuals and entities regarding Plaintiffs' failure to pay assessments (the "March 2019 Letter"[1]) and states that the letter speaks for itself. Mr. Brunjes denies Plaintiffs characterizations of the letter. Mr. Brunjes denies all remaining allegations in Paragraph 10 of the Complaint.

11.     Mr. Brunjes denies Plaintiffs' characterizations of the March 2019 Letter in Paragraph 11 of the Complaint and states that the letter speaks for itself. Mr. Brunjes denies all remaining allegations in Paragraph 11 of the Complaint.

12.     Mr. Brunjes states that the provisions of the Colorado Common Interest Ownership Act ("CCIOA") and their application to the allegations in the Complaint are legal conclusions to which no response is required. To the extent a response is required, Mr. Brunjes denies that any violations of CCIOA occurred or that he knew of, authorized, or facilitated any violations of CCIOA. Mr. Brunjes denies all remaining allegations in Paragraph 12 of the Complaint.

---

[1] Mr. Brunjes rejects Plaintiffs' characterization of the letter as a "Debt Collection Letter" and denies such characterization throughout the Complaint.

4

13.     Mr. Brunjes admits that during a POA meeting he acknowledged that TRS paid some expenses on behalf of the POA and that TRS may not be liable for the full $15.5 million alleged in the March 2019 Letter, assuming some of those expenses were properly incurred and allocated to the POA. Mr. Brunjes denies all remaining allegations in Paragraph 13 of the Complaint.

14.     Paragraph 14 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Brunjes denies the allegations in Paragraph 14 of the Complaint.

## PARTIES, JURISDICTION, AND VENUE

15.     Mr. Brunjes is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 of the Complaint and, therefore, denies the same.

16.     Mr. Brunjes is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 16 of the Complaint and, therefore, denies the same.

17.     Mr. Brunjes is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 17 of the Complaint and, therefore, denies the same.

18.     Mr. Brunjes is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 of the Complaint and, therefore, denies the same.

19.     Mr. Brunjes is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 19 of the Complaint and, therefore, denies the same.

20.     Mr. Brunjes admits the allegations in Paragraph 20 of the Complaint.

21.     Mr. Brunjes is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 of the Complaint and, therefore, denies the same.

22.     Mr. Brunjes admits the allegations in Paragraph 22 of the Complaint.

23.     Paragraph 23 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Brunjes states that he does not contest the jurisdiction of the Court over this matter.

24.     Paragraph 24 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Brunjes states that he does not contest that venue is proper in San Miguel County, Colorado.

25.     Paragraph 25 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Mr. Brunjes states that he does not contest the jurisdiction of the Court over the instant matter.

## GENERAL ALLEGATIONS

26.     Mr. Brunjes admits the allegations in Paragraph 26 of the Complaint.

27.     Mr. Brunjes admits the allegations in Paragraph 27 of the Complaint.

28.     Mr. Brunjes admits the allegations in Paragraph 28 of the Complaint.

29.     Mr. Brunjes admits the allegations in Paragraph 29 of the Complaint.

30.     Mr. Brunjes admits the allegations in Paragraph 30 of the Complaint.

31.     Mr. Brunjes admits the allegations in Paragraph 31 of the Complaint.

32.     Mr. Brunjes admits the allegations in Paragraph 32 of the Complaint.

33.     Mr. Brunjes admits that the residential condominium units at the Peaks are utilized as short-term rentals. Mr. Brunjes denies all remaining allegations in Paragraph 33 of the Complaint.

34.     Mr. Brunjes admits the allegations in Paragraph 34 of the Complaint.

35.     Mr. Brunjes admits the allegations in Paragraph 35 of the Complaint.

36.     Mr. Brunjes admits the allegations in Paragraph 36 of the Complaint.

37.     In response to the allegations in Paragraph 37, Mr. Brunjes states that the Bylaws of Doral Telluride Resort Owners Association, Inc. (the "Bylaws") speak for themselves. Mr. Brunjes denies Plaintiffs' characterization of the Bylaws in Paragraph 37 to the extent those characterizations conflict with the text of the Original Bylaws.

38.     In response to the allegations in Paragraph 38, Mr. Brunjes states that the Bylaws speak for themselves. Mr. Brunjes denies Plaintiffs' characterization of the Bylaws in Paragraph 38 to the extent those characterizations conflict with the text of the Bylaws.

39.     In response to the allegations in Paragraph 39, Mr. Brunjes states that the Bylaws speak for themselves. Mr. Brunjes denies Plaintiffs' characterization of the Bylaws in Paragraph 39 to the extent those characterizations conflict with the text of the Original Bylaws.

40.     Mr. Brunjes admits the allegations in Paragraph 40 of the Complaint.

41.     Mr. Brunjes admits that the Declaration of Covenants, Conditions, and Restrictions Establishing a Plan for Condominium and Fractional Estate Ownership of Doral Telluride Resort and Spa (the "Declaration") states that "[t]he Board may establish any reasonable system or billing period for collection of common expenses, in advance or arrears as deemed desirable, and all assessments shall be paid at the times and in the manner determined by the Board and specified in the notice of assessment or billing thereof." By way of further response, Mr. Brunjes states that the Declaration speaks for itself. Mr. Brunjes denies Plaintiffs' characterization of the Declaration in Paragraph 41 to the extent those characterizations conflict with the text of the Declaration.

42.     In response to the allegations in Paragraph 42, Mr. Brunjes states that the Declaration speaks for itself. Mr. Brunjes denies Plaintiffs' characterization of the Declaration in Paragraph 42 to the extent those characterizations conflict with the text of the Declaration.

43.     Mr. Brunjes denies the allegations in Paragraph 43 of the Complaint.

44.     Mr. Brunjes admits that the POA approves an operating budget each year based on The Peaks projected costs and expenses for the year. Mr. Brunjes further admits that budgeted expenses are allocated based upon unit square footage. Mr. Brunjes denies all remaining allegations in Paragraph 44 of the Complaint.

45.     Mr. Brunjes admits that the POA approves an operating budget each year based on The Peaks projected costs and expenses for the year. Mr. Brunjes further admits that budgeted expenses are allocated based upon unit square footage. Mr. Brunjes denies all remaining allegations in Paragraph 45 of the Complaint.

46.     Mr. Brunjes is without information or knowledge sufficient to form a belief as to the allegations in Paragraph 46 of the Complaint and, therefore, denies the same.

47.     Mr. Brunjes admits the allegations in Paragraph 47 of the Complaint.

48.     Mr. Brunjes admits the allegations in Paragraph 48 of the Complaint.

49.     Mr. Brunjes admits the allegations in Paragraph 49 of the Complaint.

50.     Mr. Brunjes admits the allegations in Paragraph 50 of the Complaint.

51.     Mr. Brunjes admits the allegations in Paragraph 51 of the Complaint, with the clarification that various Grand Heritage entities were retained.

52.     Mr. Brunjes admits that from 2009 to July 2015, the POA Board utilized the services of legal counsel. Mr. Brunjes denies all remaining allegations in Paragraph 52 of the Complaint.

53.     Mr. Brunjes denies the allegations in Paragraph 53 of the Complaint.

54.     Mr. Brunjes states that he lacks information or knowledge sufficient to form a belief as to the existence of a memorandum titled "Peaks HOA Dues Methodology" and, therefore, denies the allegations in Paragraph 54 of the Complaint. By way of further response, Mr. Brunjes states that any such memorandum speaks for itself.

55.     Mr. Brunjes admits that he was on the POA Board of Directors in 2010 and that the POA approved a budget in early 2010. Mr. Brunjes denies the existence of a "historical" methodology for POA dues budgeting an allocation and denies Plaintiffs' characterization of the POA Board's actions. Mr. Brunjes denies any remaining allegations in Paragraph 55 of the Complaint.

56.     Mr. Brunjes denies the allegations in Paragraph 56 of the Complaint.

57.     Mr. Brunjes admits that in 2010, TRS purported to satisfy its assessment obligations to the POA by paying certain expenses on behalf of the POA. Mr. Brunjes further admits that in 2010, a document was created by TRS in order to reconcile the payment of these expenses with the budget. Mr. Brunjes is without knowledge or information sufficient to form a belief as to whether these expenses were properly incurred or allocated to the POA. Mr. Brunjes denies all remaining allegations in Paragraph 57 of the Complaint.

58.     Mr. Brunjes admits that from 2010-2015, TRS purported to satisfy its assessment obligations to the POA by paying certain expenses on behalf of the POA. Mr. Brunjes further

9

admits that during this time, a document was created by TRS in order to reconcile the payment of these expenses with the budget. Mr. Brunjes is without knowledge or information sufficient to form a belief as to whether these expenses were properly incurred or allocated to the POA. Mr. Brunjes denies all remaining allegations in Paragraph 58 of the Complaint.

59.     Mr. Brunjes is without knowledge or information sufficient to form a belief as to whether he received the emails described in Paragraph 59 of the Complaint and, therefore, denies the same. By way of further response, Mr. Brunjes denies Plaintiffs' characterization of the emails identified in Paragraph 59 and states that the emails, if authentic, speak for themselves.

60.     Mr. Brunjes admits that he participated and was informed of the annual POA budgeting process through his position as a member of the POA Board. Mr. Brunjes is without knowledge or information sufficient to form a belief as to whether he received the email described in Paragraph 60 of the Complaint and, therefore, denies the same. By way of further response, Mr. Brunjes denies Plaintiffs' characterization of the email in Paragraph 60 and states that the email identified, if authentic, speaks for itself.

61.     Mr. Brunjes denies the allegations in Paragraph 61 of the Complaint.

62.     Mr. Brunjes admits that during the period of time from 2010-2014, TRS and the TRS Directors on the POA Board represented to Mr. Brujes that TRS was paying its full share of POA assessments, whether directly or by paying equivalent common expenses. Mr. Brunjes is without information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 62 and, therefore, denies the same.

63.     Mr. Brunjes denies the allegations in Paragraph 63 of the Complaint.

64.     Mr. Brunjes admits that, as a member of the POA Board, he was involved in drafting the POA's "Responsible Governance Policies" in 2011. Mr. Brunjes is without knowledge or information sufficient to form a belief as to whether he received the email described in Paragraph 60 of the Complaint and, therefore, denies the same. By way of further response, Mr. Brunjes denies Plaintiffs' characterization of the email in Paragraph 64 and states that the email identified, if authentic, speaks for itself.

65.     Mr. Brunjes admits that the POA's Responsible Governance Policies were approved and formally adopted by the POA in March 2012. Mr. Brunjes denies all remaining allegations in Paragraph 65 of the Complaint.

66.     Mr. Brunjes admits that the 2012 Responsible Governance Polices state that:

In recognition that Telluride Resort and Spa, LLC, a Delaware limited liability company ("TRS"), is the majority Owner of Units in the Association, and pays certain Association bills and obligations and then seeks reimbursement from the Association, the following shall apply to invoicing by the Association of assessments to units owned by TRS: A. TRS shall be assessed quarterly reserve, operating, and special assessments like all Owners. B. TRS shall pay quarterly reserve assessments and special assessments when due like all Owners. C. The Association shall reimburse TRS quarterly for funds actually spent by TRS on Association operating expenses in accordance with the Association's approved budget, and all such funds shall be deemed a credit against quarterly operating assessments owed by TRS.

Mr. Brunjes denies Plaintiffs' characterization of the 2012 Responsible Governance Policies and states that the policies speak for themselves. Mr. Brunjes denies all other allegations in Paragraph 66 of the Complaint.

67.     Mr. Brunjes lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 67 and, therefore, denies the same.

68.     Mr. Brunjes lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 68 and, therefore, denies the same.

69.     Mr. Brunjes lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 69 and, therefore, denies the same.

70.     Mr. Brunjes lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 70 and, therefore, denies the same.

71.     Mr. Brunjes lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 71 and, therefore, denies the same.

72.     Mr. Brunjes admits that in 2015, the POA possessed and maintained certain accounting records and invoices related to the management of the Peaks. Mr. Brunjes is without information or knowledge sufficient to form a belief as to what specific records and documentation was received by TSG in 2015. Mr. Brunjes denies Plaintiffs' characterization of the records at issue as "budgeting and true-up documentation," and denies all remaining allegations in Paragraph 72 of the Complaint.

73.     Mr. Brunjes admits that certain accounting records and invoices related to the management of the Peaks were in the possession of the POA in May 2017. Mr. Brunjes lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 72 of the Complaint and, therefore, denies the same. By way of further response, Mr. Brunjes states that if such an email exists and is authentic, that email speaks for itself.

74.     Mr. Brunjes lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 74 of the Complaint and, therefore, denies the same.

75.     Mr. Brunjes lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 75 and, therefore, denies the same.

76.     Mr. Brunjes lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 76 and, therefore, denies the same.

77.     Mr. Brunjes denies that TSG elects three of the directors each year. Mr. Brunjes admits the remaining allegations in Paragraph 77 of the Complaint.

78.     Mr. Brunjes denies that TSG elects three of the directors each year. Mr. Brunjes admits the remaining allegations in Paragraph 78 of the Complaint.

79.     Mr. Brunjes admits the allegations contained in Paragraph 79 of the Complaint.

80.     Mr. Brunjes lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 80 and, therefore, denies the same.

81.     Mr. Brunjes lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 81 and, therefore, denies the same.

82.     Mr. Brunjes admits the allegations in Paragraph 82 of the Complaint.

83.     Mr. Brunjes admits the allegations in Paragraph 83 of the Complaint

84.     Mr. Brunjes admits the allegations in Paragraph 84 of the Complaint.

85.     Mr. Brunjes admits that the POA entered into the Association Management Agreement ("AMA") in 2015. By way of further response, Mr. Brunjes states that the AMA speaks for itself. Mr. Brunjes denies Plaintiff's characterizations of the AMA and denies all remaining allegations in Paragraph 85 of the Complaint.

86.     Mr. Brunjes admits that the POA entered into the Association Management Agreement ("AMA") in 2015. By way of further response, Mr. Brunjes states that the AMA

speaks for itself. Mr. Brunjes denies Plaintiff's characterizations of the AMA and denies all remaining allegations in Paragraph 86 of the Complaint.

87.     Mr. Brunjes admits that the POA entered into the Association Management Agreement ("AMA") in 2015. By way of further response, Mr. Brunjes states that the AMA speaks for itself. Mr. Brunjes denies Plaintiff's characterizations of the AMA and denies all remaining allegations in Paragraph 87 of the Complaint.

88.     Mr. Brunjes lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 88 and, therefore, denies the same.

89.     Mr. Brunjes admits the allegations in Paragraph 89 of the Complaint.

90.     Mr. Brunjes admits the allegations in Paragraph 90 of the Complaint.

91.     Mr. Brunjes admits that the POA entered into the Rental Management Agreement ("RMA") in 2015. By way of further response, Mr. Brunjes states that the RMA speaks for itself. Mr. Brunjes denies Plaintiff's characterizations of the AMA and denies all remaining allegations in Paragraph 91 of the Complaint.

92.     Mr. Brunjes admits that the POA entered into the RMA and AMA in 2015. By way of further response, Mr. Brunjes states that the RMA and AMA speak for themselves. Mr. Brunjes denies Plaintiff's characterizations of the RMA and AMA and denies all remaining allegations in Paragraph 92 of the Complaint.

93.     Mr. Brunjes admits that the POA entered into the RMA in 2015. By way of further response, Mr. Brunjes states that the RMA speaks for itself. Mr. Brunjes denies Plaintiff's characterizations of the AMA and denies all remaining allegations in Paragraph 93 of the Complaint.

94.      Mr. Brunjes lacks information or knowledge sufficient to form a belief as to the allegations in Paragraph 94 and, therefore, denies the same.

95.      Mr. Brunjes admits the allegations contained in Paragraph 95 of the Complaint.

96.      Mr. Brunjes admits that in 2018, the POA adopted the 2018 Governance Policies and states that that document speaks for itself. Mr. Brunjes denies Plaintiffs' characterization of the 2018 Governance Policies and denies the allegations in Paragraph 96 of the Complaint to the extent those characterizations conflict with the text of the 2018 Governance Policies. Mr. Brunjes denies all remaining allegations in Paragraph 96 of the Complaint.

97.      Mr. Brunjes admits that in 2018, the POA adopted the 2018 Governance Policies and states that that document speaks for itself. Mr. Brunjes denies Plaintiffs' characterization of the 2018 Governance Policies and denies the allegations in Paragraph 97 of the Complaint to the extent those characterizations conflict with the text of the 2018 Governance Policies. Mr. Brunjes denies all remaining allegations in Paragraph 97 of the Complaint.

98.      Mr. Brunjes admits that in 2018, the POA adopted the 2018 Governance Policies and states that that document speaks for itself. Mr. Brunjes denies Plaintiffs' characterization of the 2018 Governance Policies and denies the allegations in Paragraph 98 of the Complaint to the extent those characterizations conflict with the text of the 2018 Governance Policies. Mr. Brunjes denies all remaining allegations in Paragraph 98 of the Complaint.

99.      Mr. Brunjes admits that in 2018, the POA adopted the 2018 Governance Policies and states that that document speaks for itself. Mr. Brunjes denies Plaintiffs' characterization of the 2018 Governance Policies and denies the allegations in Paragraph 99 of the Complaint to the

extent those characterizations conflict with the text of the 2018 Governance Policies. Mr.

Brunjes denies all remaining allegations in Paragraph 99 of the Complaint.

100.      Mr. Brunjes admits that C.R.S. § 38-33.3-209.5(2) provides, in part, that:

> Notwithstanding any provision of the declaration, bylaws, articles, or rules and regulations to the contrary, the association may not fine any unit owner for an alleged violation unless:
>
> (a) The association has adopted, and follows, a written policy governing the imposition of fines; and
>
> (b)(I) The policy includes a fair and impartial fact-finding process concerning whether the alleged violation actually occurred and whether the unit owner is the one who should be held responsible for the violation. This process may be informal but shall, at a minimum, guarantee the unit owner notice and an opportunity to be heard before an impartial decision maker.

C.R.S. § 38-33.3-209.5(2).

Mr. Brunjes denies Plaintiffs' characterizations of the statute contained in Paragraph 100

of the Complaint. Mr. Brunjes further denies any legal conclusions contained in Paragraph 100

of the Complaint, including any legal conclusions regarding the applicability of CCIOA to the

claims and allegations in the Complaint.

101.      Mr. Brunjes admits that C.R.S. § 38-33.3-209.5(5) provides, in part, that:

> Notwithstanding any provision of the declaration, bylaws, articles, or rules and regulations to the contrary or the absence of a relevant provision in the declaration, bylaws, articles, or rules or regulations, the association or a holder or assignee of the association's debt, whether the holder or assignee of the association's debt is an entity or a natural person, may not use a collection agency or take legal action to collect unpaid assessments unless the association or a holder or assignee of the association's debt has adopted, and follows, a written policy governing the collection of unpaid assessments. The policy must, at a minimum, specify:
>
> (I) The date on which assessments must be paid to the entity and when an assessment is considered past due and delinquent;

(II) Any late fees and interest the entity is entitled to impose on a delinquent unit owner's account;

(III) Any returned-check charges the entity is entitled to impose;

(IV) The circumstances under which a unit owner is entitled to enter into a payment plan with the entity pursuant to section 38-33.3-316.3 and the minimum terms of the payment plan mandated by that section;

(V) That, before the entity turns over a delinquent account of a unit owner to a collection agency or refers it to an attorney for legal action, the entity must send the unit owner a notice of delinquency specifying:

(A) The total amount due, with an accounting of how the total was determined;

Colo. Rev. Stat. Ann. § 38-33.3-209.5 (West).

Mr. Brunjes denies Plaintiffs' characterizations of the statute contained in Paragraph 101 of the Complaint. Mr. Brunjes further denies any legal conclusions contained in Paragraph 101 of the Complaint, including any legal conclusions regarding the applicability of CCIOA to the claims and allegations in the Complaint.

## TRS AND HRP BEGIN A BULK SALES PROGRAM IN LATE 2018

102.    Mr. Brunjes lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 102 and, therefore, denies the same.

103.    Mr. Brunjes lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 103 and, therefore, denies the same.

104.    Mr. Brunjes lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 104 and, therefore, denies the same.

105.    Mr. Brunjes denies that he was aware in early 2019 that Herrick, on behalf of TRS and Highlands Resorts at the Peaks, LLC ("HRP"), was attempting to facilitate a bulk sale of all remaining units through the "Bulk Sales Program." Mr. Brunjes is without information or

17

knowledge sufficient to form a belief as to the remaining allegations in Paragraph 105 of the Complaint, and, therefore, denies the same.

106.     In response to the allegations in Paragraph 106 of the Complaint, Mr. Brunjes states that the Declaration speaks for itself. Mr. Brunjes denies Plaintiffs' characterization of the Declaration and denies all remaining allegations in Paragraph 106 of the Complaint.

107.     Mr. Brunjes lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 107 and, therefore, denies the same.

108.     Mr. Brunjes lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 108 and, therefore, denies the same.

109.     Mr. Brunjes admits that in the fall of 2018, an audit was performed by a TSG accountant relating to POA assessments. Mr. Brunjes denies all remaining allegations in Paragraph 109 of the Complaint.

110.     Mr. Brunjes admits that in the fall of 2018, an audit was performed by a TSG accountant relating to POA assessments. Mr. Brunjes denies all remaining allegations in Paragraph 110 of the Complaint.

111.     Mr. Brunjes lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 111 and, therefore, denies the same.

112.     Mr. Brunjes denies the allegations in Paragraph 112 of the Complaint.

113.     Mr. Brunjes admits that Ryan Burke drafted a report setting forth the results of his internal audit. Mr. Brunjes denies Plaintiffs' characterizations of that report and states that the report speaks for itself. Mr. Brunjes denies all remaining allegations in Paragraph 113 of the Complaint.

114.     Mr. Brunjes admits that Ryan Burke drafted a report setting forth the results of his internal audit. Mr. Brunjes denies Plaintiffs' characterizations of that report and states that the report speaks for itself. Mr. Brunjes is without knowledge or information sufficient to form a belief as to whether TSG or anyone at the POA alerted Plaintiffs of the audit or requested documentation from the Plaintiffs when the audit was performed. Mr. Brunjes denies all remaining allegations in Paragraph 114 of the Complaint.

115.     Mr. Brunjes denies the allegations in Paragraph 115 of the Complaint.

116.     Mr. Brunjes admits that the POA authorized circulation of the results of the audit in 2019. Mr. Brunjes denies all remaining allegations in Paragraph 116 of the Complaint.

117.     Mr. Brunjes denies the allegations in Paragraph 117 of the Complaint.

118.     Mr. Brunjes admits that the POA contacted Haynie in November 2018 to discuss agreed-upon procedures for an external audit of past POA assessments. Mr. Brunjes is without information or knowledge sufficient to form a belief as to the actions of other Defendants. Mr. Brunjes denies all remaining allegations in Paragraph 118 of the Complaint.

119.     Mr. Brunjes admits that the POA entered into an engagement letter with Haynie dated December 3, 2018, and states that the letter speaks for itself. Mr. Brunjes denies Plaintiffs' characterizations of the letter and denies all remaining allegations in Paragraph 119 of the Complaint.

120.     Mr. Brunjes admits that the POA entered into an engagement letter with Haynie dated December 3, 2018, and states that the letter speaks for itself. Mr. Brunjes denies Plaintiffs' characterizations of the letter and denies all remaining allegations in Paragraph 120 of the Complaint.

121.    Mr. Brunjes admits that the engagement letter dated December 3, 2018, states

that:

> Our engagement to apply agreed-upon procedures will be conducted in accordance
> with attestation standards established by the American Institute of Certified Public
> Accountants. The sufficiency of the procedures performed or to be performed is
> solely the responsibility of the Association and we will require an acknowledgment
> in writing of that responsibility. Consequently, we make no representation
> regarding the sufficiency of the procedures described either for the purpose for
> which the agreed-upon procedures report has been requested or for any other
> purpose.

Mr. Brunjes denies Plaintiffs' characterizations of the letter and states that the letter

speaks for itself. Mr. Brunjes denies all remaining allegations in Paragraph 121 of the Complaint.

122.    Mr. Brunjes denies the allegations in Paragraph 122 of the Complaint.

123.    Mr. Brunjes denies the allegations in Paragraph 123 of the Complaint.

124.    Mr. Brunjes admits that Haynie issued a report in February 7, 2019, which states

that "[w]e were not engaged to and did not conduct an examination or review, the objective of

which would be the expression of an opinion or conclusion, respectively, on dues paid by

homeowners during the years ending December 31, 2009 – 2015. Accordingly, we do not

express such an opinion or conclusion." Mr. Brunjes denies Plaintiffs' characterization of the

report and denies all remaining allegations in Paragraph 124 of the Complaint.

125.    Mr. Brunjes admits that Haynie's report did not identify any assessments that

were paid by TRS through a transfer of funds from TRS to the POA's bank accounts. Mr.

Brunjes denies all remaining allegations in Paragraph 125 of the Complaint.

126.    Mr. Brunjes denies the allegations in Paragraph 126 of the Complaint.

127.    Mr. Brunjes denies that prior to March 2019, he never communicated any

concerns to Plaintiffs regarding the amount of assessments paid by TRS between 2009 and 2015.

Mr. Brunjes lacks information or knowledge sufficient to form a belief as to whether others communicated such concerns to TRS and, therefore, denies the same.

128.   Mr. Brunjes admits that on March 21, 2019, the POA authorized its legal counsel to send the March 2019 Letter to a number of individuals and entities. Mr. Brunjes is without information or knowledge sufficient to form a belief as to whether all of the recipients of the Collection letter were or were not affiliated with the Plaintiffs. Mr. Brunjes denies all remaining allegations in Paragraph 128 of the Complaint.

129.   Mr. Brunjes admits that on March 21, 2019, the POA authorized its legal counsel to send the March 2019 Letter to a number of individuals and entities, as well as all POA members. Mr. Brunjes denies all remaining allegations in Paragraph 129 of the Complaint.

130.   Mr. Brunjes admits that the March 2019 Letter states that "This firm has been retained by The Peaks Owners Association, Inc. ("POA") to collect unpaid operating/Spa assessments for the period November 1, 2009 through June 30, 2015." Mr. Brunjes further admits that the March 2019 Letter states "TRS and the individuals and entities affiliated with it were not paying their shares of dues. In fact, we have been unable to locate any evidence that TRS ever was assessed and/or paid operating dues on the Commercial Units, or operating/Spa dues on the Condo Hotel Units during the period it was in control of the POA." Mr. Brunjes denies Plaintiffs' characterizations of the March 2019 Letter and denies all remaining allegations in Paragraph 130 of the Complaint.

131.   Mr. Brunjes admits that on March 21, 2019, the POA authorized its legal counsel to send the March 2019 Letter to a number of individuals and entities. Mr. Brunjes denies

Plaintiffs' characterizations of the letter and states that the letter speaks for itself. Mr. Brunjes

denies all remaining allegations in Paragraph 131 of the Complaint.

132.    Mr. Brunjes admits that the March 2019 Letter states that "In October of 2018, the

POA discovered that a significant amount of operating/Spa assessments had not been paid during

the years 2010 through 2015. An internal audit by TSG, performed in its role as POA manager,

confirmed that such operating/Spa assessments during this period had not been paid." Mr.

Brunjes further admits that he March 2019 Letter also states that "[c]ollection efforts may

include foreclosure of the above-referenced Units through litigation and/or the commencement

of a lawsuit against TRS, PCP, GH, other parties identified above (and/or others, including

principals of entities), for breach of contract, for an accounting under Colorado law as well as

other appropriate claims." Mr. Brunjes denies Plaintiffs' characterizations of the March 2019

Letter and states that the letter speaks for itself. Mr. Brunjes denies all remaining allegations in

Paragraph 132 of the Complaint.

133.    Mr. Brunjes admits that the March 2019 Letter states that "we also ask that you

refrain from disposing of the above-identified Units as well as any other TRS or PCP assets until

this dues collection matter has been fully and finally resolved." Mr. Brunjes further admits that

the POA sent the March 2019 Letter to Land Title Guarantee Company's Telluride, Colorado

office. Mr. Brunjes is without information or knowledge sufficient to form a belief as to what

actions, if any, Land Title Guarantee Company took with respect to the March 2019 Letter. Mr.

Brunjes denies all remaining allegations in Paragraph 133 of the Complaint.

134.    Mr. Brunjes admits that the March 2019 Letter states that "[t]his is an attempt to

collect a debt. Any information obtained will be used for that purpose. You are now

communicating with a debt collector." Mr. Brunjes denies Plaintiffs' characterizations of the March 2019 Letter and states that the letter speaks for itself. Mr. Brunjes denies all remaining allegations in Paragraph 134 of the Complaint.

135.    The allegations in Paragraph 135 contain legal conclusions to which no response is required. To the extent a response is required, Mr. Brunjes denies the allegations in Paragraph 135 of the Complaint.

136.    Mr. Brunjes admits that the $15,521,747 identified in the March 2019 Letter represents the amount due in assessments from 2010 to June 2015 and does not account for any alleged "True-Up" payments as alleged by the Plaintiffs. Mr. Brunjes denies that the alleged "True-Up" process was sufficient to excuse Plaintiffs' payment of assessments. Mr. Brunjes denies all remaining allegations in Paragraph 136 of the Complaint.

137.    Mr. Brunjes denies the allegations in Paragraph 137 of the Complaint.

138.    Mr. Brunjes denies the allegations in Paragraph 138 of the Complaint.

139.    Mr. Brunjes admits that the March 2019 Letter states that "[a]n internal audit by TSG, performed in its role as POA manager, confirmed that such operating/Spa assessments during this period had not been paid." Mr. Brunjes further admits that the March 2019 Letter states that "the POA engaged the services of an independent accounting firm to perform a more formal review of the POA books and records for 2010 to 2015. The results of that review confirmed that little or no operating/Spa assessments were paid on behalf of the Commercial Units or the Condo Hotel Units or per any of the Leaseback Agreements from 2010 through 2015." Mr. Brunjes denies Plaintiffs' characterizations of the March 2019 Letter and states that

the letter speaks for itself. Mr. Brunjes denies all remaining allegations in Paragraph 139 of the Complaint.

140.    Mr. Brunjes denies the allegations in Paragraph 140 of the Complaint.

141.    Mr. Brunjes admits that the March 2019 Letter states that "[t]he results of that review confirmed that little or no operating/Spa assessments were paid on behalf of the Commercial Units or the Condo Hotel Units or per any of the Leaseback Agreements from 2010 through 2015." Mr. Brunjes denies Plaintiffs' characterizations of the March 2019 Letter and states that the letter speaks for itself. Mr. Brunjes denies all remaining allegations in Paragraph 141 of the Complaint.

142.    Mr. Brunjes denies the allegations in Paragraph 142 of the Complaint.

143.    Mr. Brunjes denies the allegations in Paragraph 143 of the Complaint.

144.    Paragraph 144 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Brunjes denies the allegations in Paragraph 144 of the Complaint.

145.    Paragraph 145 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Brunjes denies the allegations in Paragraph 145 of the Complaint.

146.    Mr. Brunjes admits the allegations in Paragraph 146 of the Complaint.

147.    Mr. Brunjes admits that in 2019, POA and TSG executed an "Attorneys Fees and Costs Funding Agreement," ("Funding Agreement") and that the Funding Agreement states, in part, that "TSG hereby agrees to reimburse all POA attorneys fees and costs incurred related to the historical dues payment dispute, including fees incurred by POA special counsel and POA

general counsel as well as fees and costs incurred by outside accounting firms or other experts."
By way of further response, Mr. Brunjes states that the Funding Agreement speaks for itself. Mr.
Brunjes denies Plaintiffs' characterization of the Funding Agreement and denies all remaining
allegations in Paragraph 147 of the Complaint.

148. Mr. Brunjes admits that in 2019, POA and TSG executed the Funding Agreement,
and states that the Funding Agreement speaks for itself. Mr. Brunjes denies Plaintiffs'
characterization of the Funding Agreement and denies all remaining allegations in Paragraph 148
of the Complaint.

149. Mr. Brunjes admits that in 2019, POA and TSG executed the Funding Agreement,
and states that the Funding Agreement speaks for itself. Mr. Brunjes denies Plaintiffs'
characterization of the Funding Agreement and denies all remaining allegations in Paragraph 149
of the Complaint.

150. Mr. Brunjes admits that in 2018, Mr. Herrick served as a Director on the POA
Board and that TRS and HRP were members of the POA. Mr. Brunjes denies all remaining
allegations in Paragraph 150 of the Complaint.

151. Mr. Brunjes admits that in 2019, POA and TSG executed the Funding Agreement,
and states that the Funding Agreement speaks for itself. Mr. Brunjes denies Plaintiffs'
characterization of the Funding Agreement and denies all remaining allegations in Paragraph 151
of the Complaint.

152. Mr. Brunjes admits that in 2019, POA and TSG executed the Funding Agreement,
and states that the Funding Agreement speaks for itself. Mr. Brunjes denies Plaintiffs'

characterization of the Funding Agreement and denies all remaining allegations in Paragraph 152 of the Complaint.

153.    Mr. Brunjes admits the allegations in Paragraph 153 of the Complaint.

154.    Mr. Brunjes admits the allegations in Paragraph 154 of the Complaint.

155.    Mr. Brunjes lacks knowledge or information sufficient to form a belief as to the allegatoins in Paragraph 155, and, therefore, denies the same.

156.    Mr. Brunjes lacks knowledge or information sufficient to form a belief as to the allegatoins in Paragraph 155, and, therefore, denies the same.

157.    The allegations in Paragraph 157 contain legal conclusions to which no response is required. To the extent a response is required, Mr. Brunjes denies all allegations in Paragraph 157 of the Complant.

158.    Mr. Brunjes denies the allegations in Paragraph 158 of the Complaint. By way of further response, Mr. Brunjes states that Mr. Solomon was retained as POA legal counsel on June 1, 2015.

159.    Mr. Brunjes admits that Joe Solomon has served as general counsel to the POA from June 1, 2015 to the present. Mr. Brunjes denies that Ms. Solomon was a partner in Mr. Solomon's firm at that time or since. Mr. Brunjes lacks information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 159 and, therefore, denies the same.

160.    The allegations in Paragraph 160 contain legal conclusions to which no response is required. To the extent a response is required, Mr. Brunjes denies all allegations in Paragraph 160 of the Complant.

161.    Mr. Brunjes is without knowledge or information sufficient to for a belief as to the allegations in Paragraph 161 and, therefore, denies the same.

162.    Mr. Brunjes admits that since March 2019, Plaintiffs have provided some documents and information to the POA related to TRS's payment of certain POA expenses. Mr. Brunjes denies that the information provided was sufficient to demonstrate that TRS had properly paid assessments from 2010-2015, and denies all remaining allegations in Paragraph 162 of the Complaint.

163.    In response to the allegations in Paragraph 163 of the Complaint, Mr. Brunjes denies Plaintiffs' characterizations of the POA meeting minutes and states that the minutes speak for themselves. Mr. Brunjes denies all remaining allegations in Paragraph 163 of the Complaint.

164.    In response to the allegations in Paragraph 164 of the Complaint, Mr. Brunjes denies Plaintiffs' characterizations of the POA meeting minutes and states that the minutes speak for themselves. Mr. Brunjes further states that Paragraph 164 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Brunjes denies all remaining allegations in Paragraph 164 of the Complaint.

165.    Mr. Brunjes admits that he has acknowledged that TRS paid some expenses on behalf of the POA and that TRS may not be liable for the full $15.5 million alleged in the March 2019 Letter. By way of further response, Mr. Brunjes states that the meeting minutes speak for themselves. Mr. Brunjes denies all remaining allegations in Paragraph 165 of the Complaint.

166.    Mr. Brunjes admits that he has acknowledged that TRS paid some expenses on behalf of the POA and that TRS may not be liable for the full $15.5 million alleged in the March

110646896.1

2019 Letter. By way of further response, Mr. Brunjes states that the meeting minutes speak for themselves. Mr. Brunjes denies all remaining allegations in Paragraph 166 of the Complaint.

167.    Mr. Brunjes admits that since March 2019, Plaintiffs have provided some documents and information to the POA related to TRS's payment of certain POA expenses. Mr. Brunjes denies that the information provided was sufficient to demonstrate that TRS had properly paid assessments from 2010-2015. Mr. Brunjes denies all remaining allegations in Paragraph 167 of the Complaint.

168.    Mr. Brunjes admits that Plaintiffs requested that the POA retract the March 2019 Letter and their demand for payment of unpaid assessments. Mr. Brunjes denies all remaining allegations in Paragraph 168 of the Complaint.

169.     Mr. Brunjes admits that the POA and TSG have not withdrawn or modified the demand contained in the March 2019 Letter. Mr. Brunjes denies all remaining allegations in Paragraph 169 of the Complaint.

170.    Mr. Brunjes admits that the POA received a memorandum titled "PCP Dues Status" in July 2019, and states that the memorandum speaks for itself. Mr. Brunjes denies Plaintiffs' characterization of the memorandum and denies all remaining allegations in Paragraph 170 of the Complaint.

171.    Mr. Brunjes admits that the POA received a memorandum titled "PCP Dues Status" in July 2019, and states that the memorandum speaks for itself. Mr. Brunjes denies Plaintiffs' characterization of the memorandum and denies all remaining allegations in Paragraph 171 of the Complaint.

172.     Mr. Brunjes admits that Plaintiffs requested that the POA retract the March 2019 Letter, and that POA has not withdrawn or modified the letter. Mr. Brunjes denies all remaining allegations in Paragraph 172 of the Complaint.

173.     Mr. Brunjes admits that the POA and TSG have not withdrawn or modified the demand contained in the March 2019 Letter. Mr. Brunjes denies all remaining allegations in Paragraph 173 of the Complaint.

174.     Mr. Brunjes admits that Plaintiffs have requested additional information regarding the demands contained in the March 2019 Letter. Mr. Brunjes denies all remaining allegations in Paragraph 174 of the Complaint.

175.     The allegations in Paragraph 175 contain legal conclusions to which no response is required. To the extent a response is required, Mr. Brunjes denies that he has engaged in any wrongdoing or caused the Plaintiffs to incur any damages.  Mr. Brunjes further denies the remaining allegations in Paragraph 175 of the Complaint.

176.     Mr. Brunjes denies the allegations in Paragraph 176 of the Complaint.

177.     Mr. Brunjes states that he has not disclosed the March 2019 Letter to additional parties beyond the original recipients. Mr. Brunjes is without information or knowledge sufficient to form a belief as to whether other Defendants have done so and, therefore, denies the same.  Mr. Brunjes denies all remaining allegations in Paragraph 177 of the Complaint.

178.     Mr. Brunjes states that he has not disclosed the March 2019 Letter to additional parties beyond the original recipients. Mr. Brunjes is without information or knowledge sufficient to form a belief as to whether other Defendants have done so and, therefore, denies the same.  Mr. Brunjes denies all remaining allegations in Paragraph 178 of the Complaint.

179.     Mr. Brunjes denies that he has engaged in any wrongdoing or caused the Plaintiffs to incur any damages. Mr. Brunjes further denies all remaining allegations in Paragraph 179 of the Complaint.

180.     Mr. Brunjes denies that he has engaged in any wrongdoing or caused the Plaintiffs to incur any damages. Mr. Brunjes further denies all remaining allegations in Paragraph 180 of the Complaint.

181.     Mr. Brunjes denies the allegations in Paragraph 181 of the Complaint.

182.     Mr. Brunjes denies that he has engaged in any wrongdoing or caused the Plaintiffs to incur any damages. Mr. Brunjes is without information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 182 and, therefore, denies the same.

183.     Mr. Brunjes denies that he has engaged in any wrongdoing or caused the Plaintiffs to incur any damages. Mr. Brunjes is without information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 183 and, therefore, denies the same.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
Violation of the Colorado Common Interest Ownership Act
(Against the POA)

184.     Paragraph 184 of the Complaint is an incorporation paragraph to which no response is required.  To the extent a response is required, Mr. Brunjes denies the same and incorporates his responses to Paragraphs 1-183 as if fully set forth herein.

185.     Plaintiffs' First Claim For Relief is not directed at Mr. Brunjes, and no response is required by Mr. Brunjes. To the extent a response is required, Mr. Brunjes denies the allegations in Paragraphs 185-195 of the Complaint.

**SECOND CLAIM FOR RELIEF**
Breach of Governing Documents
(Against the POA)

196.    Paragraph 196 of the Complaint is an incorporation paragraph to which no response is required.  To the extent a response is required, Mr. Brunjes denies the same and incorporates his responses to Paragraphs 1-195 as if fully set forth herein.

197.    Plaintiffs' Second Claim For Relief is not directed at Mr. Brunjes, and no response is required by Mr. Brunjes. To the extent a response is required, Mr. Brunjes denies the allegations in Paragraphs 197-201 of the Complaint.

**THIRD CLAIM FOR RELIEF**
Breach of the Covenant of Good Faith and Fair Dealing
(Against the POA)

202.    Paragraph 202 of the Complaint is an incorporation paragraph to which no response is required.  To the extent a response is required, Mr. Brunjes denies the same and incorporates his responses to Paragraphs 1-201 as if fully set forth herein.

203.    Plaintiffs' Third Claim For Relief is not directed at Mr. Brunjes, and no response is required by Mr. Brunjes. To the extent a response is required, Mr. Brunjes denies the allegations in Paragraphs 203-207 of the Complaint.

**FORTH CLAIM FOR RELIEF**
Breach of Fiduciary Duty
(Against the POA)

208.    Paragraph 208 of the Complaint is an incorporation paragraph to which no response is required.  To the extent a response is required, Mr. Brunjes denies the same and incorporates his responses to Paragraphs 1-207 as if fully set forth herein.

110646896.1

209.     Plaintiffs' Fourth Claim For Relief is not directed at Mr. Brunjes, and no response is required by Mr. Brunjes. To the extent a response is required, Mr. Brunjes denies the allegations in Paragraphs 209-211 of the Complaint.

**FIFTH CLAIM FOR RELIEF**
Breach of Fiduciary Duty
(Against Brunjes)

212.     Paragraph 212 of the Complaint is an incorporation paragraph to which no response is required.  To the extent a response is required, Mr. Brunjes denies the same and incorporates his responses to Paragraphs 1-211 as if fully set forth herein.

213.     The allegations in Paragraph 213 contain legal conclusions to which no response is required. To the extent a response is required, Mr. Brunjes denies the allegations in Paragraph 213 of the Complaint.

214.     The allegations in Paragraph 214 contain legal conclusions to which no response is required. To the extent a response is required, Mr. Brunjes denies the allegations in Paragraph 214 of the Complaint.

215.     The allegations in Paragraph 215 contain legal conclusions to which no response is required. To the extent a response is required, Mr. Brunjes denies the allegations in Paragraph 215 of the Complaint.

216.     The allegations in Paragraph 216 contain legal conclusions to which no response is required. To the extent a response is required, Mr. Brunjes denies the allegations in Paragraph 216 of the Complaint.

217.     The allegations in Paragraph 217 contain legal conclusions to which no response is required. To the extent a response is required, Mr. Brunjes denies the allegations in Paragraph 217 of the Complaint.

## SIXTH CLAIM FOR RELIEF
Breach of Fiduciary Duty
(Against Peaks Hotel, LLC)

218.     Paragraph 218 of the Complaint is an incorporation paragraph to which no response is required.  To the extent a response is required, Mr. Brunjes denies the same and incorporates his responses to Paragraphs 1-217 as if fully set forth herein.

219.     Plaintiffs' Sixth Claim For Relief is not directed at Mr. Brunjes, and no response is required by Mr. Brunjes. To the extent a response is required, Mr. Brunjes denies the allegations in Paragraphs 219-230 of the Complaint.

## SEVENTH CLAIM FOR RELIEF
Aiding and Abetting Breach of Fiduciary Duty
(Against TSG)

231.     Paragraph 231 of the Complaint is an incorporation paragraph to which no response is required.  To the extent a response is required, Mr. Brunjes denies the same and incorporates his responses to Paragraphs 1-230 as if fully set forth herein.

232.     Plaintiffs' Seventh Claim For Relief is not directed at Mr. Brunjes, and no response is required by Mr. Brunjes. To the extent a response is required, Mr. Brunjes denies the allegations in Paragraphs 232-237 of the Complaint.

**EIGHTH CLAIM FOR RELIEF**
Slander of Title
(Against the POA and TSG)

238.    Paragraph 238 of the Complaint is an incorporation paragraph to which no

response is required.  To the extent a response is required, Mr. Brunjes denies the same and

incorporates his responses to Paragraphs 1-237 as if fully set forth herein.

239.    Plaintiffs' Eighth Claim For Relief is not directed at Mr. Brunjes, and no response

is required by Mr. Brunjes. To the extent a response is required, Mr. Brunjes denies the

allegations in Paragraphs 239-241 of the Complaint.

**NINETH [SIC] CLAIM FOR RELIEF**
Civil Conspiracy
(Against All Defendants**)**

242.    Paragraph 242 of the Complaint is an incorporation paragraph to which no

response is required.  To the extent a response is required, Mr. Brunjes denies the same and

incorporates his responses to Paragraphs 1-241 as if fully set forth herein.

243.    Paragraph 243 contains legal conclusions to which no response is required. To the

extent a response is required, Mr. Brunjes denies the allegations in Paragraph 243 of the

Complaint.

244.    Paragraph 244 contains legal conclusions to which no response is required. To the

extent a response is required, Mr. Brunjes denies the allegations in Paragraph 244 of the

Complaint.

245.    Paragraph 245 contains legal conclusions to which no response is required. To the

extent a response is required, Mr. Brunjes denies the allegations in Paragraph 245 of the

Complaint.

246.     Paragraph 246 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Brunjes denies the allegations in Paragraph 246 of the Complaint.

## GENERAL DENIAL

Mr. Brunjes denies all allegations in the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs have failed to state a claim upon which relief can be granted.

2.     Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and/or laches.

3.     Plaintiffs' claims are barred or reduced due to the degree or percentage of negligence or fault attributable to the Plaintiffs and/or other parties or non-parties.

4.     Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to mitigate its damages, if any.

5.     Plaintiffs' claims are subject to dismissal pursuant to C.R.S. § 13-20-1101.

6.     Plaintiffs' claims are barred or reduced, in whole or in part, by the application of the business judgment rule;

7.     Plaintiffs' claims are barred by C.R.S. § 7-128-402 and the Articles of Incorporation of Doral Telluride Resort Owners Assocation, Inc., Sec. 10.2.

## JURY DEMAND

Mr. Brunjes demands a trial by jury on all issues so triable.

110646896.1

Dated:  March 4, 2020                    LEWIS ROCA ROTHGERBER CHRISTIE LLP


                                         *s/ Frederick J. Baumann*
                                         Frederick J. Baumann, No. 12156
                                         Ben Ochoa, No. 16993
                                         Caitlin C. McHugh, No. 45097

                                         *Attorneys for Defendant H. Curtis Brunjes*


## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March, 2020, a true and correct copy of the foregoing **DEFENDANT H. CURTIS BRUNJES' ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND** was served via Colorado Courts E-Filing on all counsel of record in this matter.


                                         *s/ Tracy M. King*
                                         Of Lewis Roca Rothgerber Christie LLP

36