**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-01873-CMA-NYW

NEW HAMPSHIRE INSURANCE COMPANY, and
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

      Plaintiffs,

v.

TSG SKI & GOLF, LLC,
THE PEAKS OWNERS ASSOCIATION, INC.,
PEAKS HOTEL LLC, and
H. CURTIS BRUNJES,

      Defendants.

---

## ORDER ON MOTION TO STAY

---

Magistrate Judge Nina Y. Wang

This matter comes before this court on the Joint Motion to Stay Discovery (the "Motion" or "Motion to Stay") [Doc. 55] filed on December 15, 2021 by all Parties in this case: Plaintiff New Hampshire Insurance Company ("New Hampshire"); Plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union") (collectively, "Plaintiffs"); Defendant TSG Ski & Golf LLC ("TSG"); The Peaks Owners Association, Inc. (the "POA"); Defendant Peaks Hotel LLC ("Peaks Hotel"); and Defendant H. Curtis Brunjes ("Mr. Brunjes") (collectively, "Defendants"). The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated August 10, 2021 [Doc. 15], and the Memorandum dated December 15, 2021. [Doc. 56]. Upon review of the Motion to Stay, the entire court docket, and the applicable case law, the Motion to Stay is **GRANTED**.

## BACKGROUND

This action arises out of an alleged "coordinated scheme to unlawfully coerce" certain non-parties to pay to the Defendants in this action monetary assessments that the non-parties did not owe.  *See* [Doc. 1 at ¶¶ 30, 40].  These non-parties—Peaks Capital Partners, LLC; Telluride Resort & Spa, LLC; Highlands Resorts at the Peaks, LLC; and Edward D. Herrick, Jr.—sued Defendants in Colorado state court alleging that Defendants intentionally manipulated an internal audit and an external evaluation to yield false results related to assessments paid to Defendants by Telluride Resort & Spa (the "Underlying Lawsuit").  [*Id.* at ¶¶ 40, 42-43, 48].  The operative complaint in the Underlying Lawsuit alleges that Defendants used these false results in an attempt to "extort" payments from the non-parties despite the fact that Telluride Resort & Spa had actually satisfied its assessment obligations.  *[Id.* at ¶ 49, 56].

Both Plaintiffs issued insurance policies to TSG Company LLC, which policies named TSG, the POA, and Peaks Hotel as named insureds by endorsement.  [*Id.* at ¶¶ 11-12, 19-20].  New Hampshire agreed to defend Defendants in the Underlying Lawsuit, subject to a reservation of rights.  [*Id.* at ¶¶ 57-58].  Then, on July 9, 2021, Plaintiffs initiated this action in federal court, seeking declaratory judgments that they owe no duty to defend or indemnify Defendants with respect to the Underlying Lawsuit.  [*Id.* at 18-23].  This case was directly assigned to the undersigned Magistrate Judge pursuant to D.C.COLO.LCivR 40.1, *see* [Doc. 2], but was re-assigned to the Honorable Christine M. Arguello upon the Parties' non-consent.  [Doc. 12; Doc. 14].  Judge Arguello subsequently referred the matter to the undersigned for certain pretrial issues.  [Doc. 15].

On October 7, 2021, TSG and Peaks Hotel jointly filed a Motion to Dismiss or to Stay (the "Motion to Dismiss") [Doc. 30].  In the Motion to Dismiss, these Defendants seek dismissal of the instant action, or in the alternative, request that the court stay this case pending the resolution of the Underlying Lawsuit.  [Doc. 30 at 8, 18].  The Motion to Dismiss raises two arguments in favor of dismissing this action: (1) this case should be dismissed because Plaintiffs failed to name the plaintiffs in the Underlying Lawsuit as indispensable parties, [*id.* at 8]; and (2) this case should be dismissed pursuant to *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994), which sets forth non-exhaustive factors to determine whether a district court should entertain a declaratory judgment action.  [*Id.* at 11].  The POA and Mr. Brunjes each filed a Joinder in Motion to Dismiss on November 15 and November 30, 2021, respectively.  [Doc. 44; Doc. 47].  The Motion to Dismiss is currently pending before the presiding judge.

This court held a Scheduling Conference on December 7, 2021, which was converted to a Status Conference upon the Parties' representation that they would prefer to stay discovery, aside from initial disclosures, due to an anticipated forthcoming motions for summary judgment.  [Doc. 54 at 1].  The court advised the Parties that it typically does not grant stays of discovery but directed the Parties to file any motion to stay discovery on or before December 17, 2021.  [*Id.* at 2].

The Parties filed the instant Motion to Stay on December 15, 2021.  [Doc. 55].  In the Motion, the Parties represent that, at this time,[1] they agree that discovery is not

---

[1] Defendants state that they "reserve the right to seek additional discovery if Plaintiff's Motion for Summary Judgment relies upon an ambiguous contract provision requiring the use of parol evidence to interpret that was not heretofore discussed or disclosed or otherwise interjects facts outside the allegations of the Underlying Lawsuit." [Doc. 55 at 2 n.1].

necessary for the Parties to file summary judgment motions, as Plaintiffs' claims "will be resolved by the court as a matter of law." [*Id.* at ¶ 4]. They argue that "a stay of discovery pending resolution of Defendants' Motion to Dismiss or cross-motions for summary judgment is appropriate" because Plaintiffs' claims "should be resolved . . . by a ruling on the Defendants' Motion to Dismiss or, if needed, the Parties' contemplated cross-motions for summary judgment." [*Id.* at ¶¶ 6-7]. They thus request a stay of discovery in this matter until the presiding judge "adjudicates the Defendants' Motion to Dismiss and, if necessary, the parties' cross-motions for summary judgment." [*Id.* at ¶ 9]. I consider the Parties' arguments and the propriety of a stay below.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Federal Rule of Civil Procedure 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order," and the court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Whether to stay discovery is a matter left to the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Indeed, although the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In determining whether a stay is appropriate, the court weighs interests such as whether defendants are likely to prevail in the civil action; whether defendants will suffer irreparable harm; whether the stay will cause substantial harm to other parties to the proceeding; and the public interests at stake. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). The court may also consider the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to the plaintiff of a delay, the burden on the defendants, and the convenience to the court (the "*String Cheese* factors"). *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda,* No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)). Notably, courts in this District generally disfavor the stay of all discovery. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007).

## ANALYSIS

The Parties request that this court stay discovery in the instant action pending resolution of the pending Motion to Dismiss, or, "if necessary," any cross-motions for summary judgment. [Doc. 55 at ¶ 9]. However, the Parties do not address whether the *String Cheese* factors weigh in favor of a stay. *See generally* [*id.*]. While this court has no obligation to *sua sponte* undertake this analysis, *Van De Weghe v. Chambers*, 569 F. App'x 617, 620 (10th Cir. 2014) (unpublished), the court finds that the *String Cheese* factors warrant a stay. *Cf. Gurrola v. Jefferson Cty. Sheriff's Off.*, No. 20-cv-02968-NYW, 2021 WL 765363, at *4 (D. Colo. Feb. 25, 2021) (considering whether the String Cheese factors warrant a stay even where the moving party failed to ayddress the applicable factors).

***Plaintiffs' Interest in Proceeding Expeditiously***.   Plaintiffs "undoubtedly have

an interest in proceeding expeditiously in this matter." *Sanchez v. City & Cty. of Denver*,

No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *5 (D. Colo. Feb. 26, 2020).  However,

Plaintiffs are "not currently seeking discovery in this case and do[] not oppose a stay of

discovery in this case; thus, it appears that Plaintiff[s] do[] not find that [their] interests in

proceeding with this matter will be significantly harmed by a stay of discovery in this case."

*Colo. Dep't of Public Health and Env't v. United States*, No. 21-cv-02474-RMR-NYW,

2021 WL 5770228, at *3 (D. Colo. Dec. 6, 2021).   Indeed, courts regularly suggest that,

where a plaintiff does not oppose a stay of discovery, the plaintiff will not be prejudiced

by any stay.  *See, e.g.*, *Mike Lee, Co. LLC v. Nationwide Mut. Ins. Co.*, No. 19-cv-00006-

KLM, 2019 WL 11692874, at *2 (D. Colo. July 22, 2019); *Mendoza-Nieto v. Scott

Contracting, Inc.*, No. 15-cv-02681-MSK-KMT, 2016 WL 705990, at *2 (D. Colo. Feb. 23,

2016); *Rhein v. McCoy*, No. 09-cv-02386-REB-MEH, 2009 WL 4015520, at *1 (D. Colo.

Nov. 18, 2009).  The court thus finds that this factor weighs in favor of a stay.  *Mike Lee*,

2019 WL 11692874, at *2.

***The Burden on Defendants***.   Defendants raise no argument that they will be

unduly burdened absent a stay.   *See* [Doc. 55].   At best, they assert that discovery is

"unnecessary" at this juncture.  [*Id.* at ¶ 6].  Typically, "[t]he ordinary burdens associated

with litigating a case do not constitute undue burdens." *Wells v. Dish Network, LLC*, No.

11-cv-00269-CMA-KLM, 2011 WL 2516390, at *1 (D. Colo. June 22, 2011).  However,

the court does recognize that the fact that no Party currently seeks discovery and the

Parties' agreement that this case may be resolved without discovery may factor into a

whether a stay is appropriate.  *See Atl. Richfield Co. v. NL Indus., Inc.*, No. 20-cv-00234-

6

RMR-KLM, 2021 WL 5016019, at *2 (D. Colo. Oct. 19, 2021) (finding that, although the defendants had not demonstrated that proceeding with discovery would present an *undue* burden, finding that the second *String Cheese* factor nevertheless weighed in favor of a stay where discovery "could be wasteful").  But because the Parties have not identified any *undue* burden, the court finds this factor is neutral.  *Wells*, 2011 WL 2516390, at *1.

**The Convenience to the Court**.  The third *String Cheese* factor, convenience to the court, favors a stay.  Although courts in this District have recognized the "inconvenience[] [of] an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and . . . less manageable," *Arocho v. Nafzinger*, No. 07-cv-02603-REB-KLM, 2008 WL 5101701, at *1 (D. Colo. Dec. 1, 2008), the court does not find such concerns particularly relevant here, where the Parties suggest that this case could be fully resolved without discovery.  [Doc. 55 at ¶ 4].  Indeed, the Motion to Dismiss, if granted, could dispose of Plaintiffs' claims entirely, *see* [Doc. 30], and the Parties raise the possibility that they could proceed to the summary-judgment phase without discovery.  *See* [Doc. 55 at ¶ 5].  Given the pending dispositive motion and the Parties' agreement that no discovery is necessary at this juncture, this court finds that a stay of discovery would conserve judicial resources in that this matter may be fully resolved without discovery.  For these reasons, I find that factor three weighs in favor of granting the stay.

**Interests of Non-Parties and the Public Interest**.  As to the fourth and fifth *String Cheese* factors, the Parties do not identify any non-parties who may be affected by a stay in this matter, nor do they identify a public interest at stake.  *See* [Doc. 55].  "[A]bsent any specifically identified third-party or public interests, the fourth and fifth *String Cheese*

factors are neutral." *LS3 Inc. v. Cherokee Fed. Sols., L.L.C.*, No. 20-cv-03555-PAB-NYW, 2021 WL 4947284, at *6 (D. Colo. Aug. 26, 2021).

The court finds that a stay of discovery is warranted in this matter.  Although this District generally disfavors stays of discovery, *Wason Ranch Corp.*, 2007 WL 1655362, at *1, the court nevertheless finds that, based on the *String Cheese* factors, a stay of discovery is appropriate in this case, particularly because the Parties agree that no discovery is necessary at this time and because they agree that this case may ultimately be resolved without discovery.  *See Williams v. Correct Care Sols.*, No. 19-2037-SAC, 2019 WL 1585037, at *3 (D. Kan. Apr. 12, 2019) (granting stay of discovery where the pending dispositive motion could be ruled on absent discovery). However, the court does not find it appropriate or necessary to grant a stay of discovery until the resolution of any summary judgment motions in this case, as no such motions have been filed and it is presently unclear whether any such motions will be filed.  Thus, the court will **GRANT** the Motion to Stay and will **STAY** discovery in this matter <u>until the resolution of the pending Motion to Dismiss</u> [Doc. 30].  Should the Motion to Dismiss not fully dispose of this matter and should Parties seek to continue the stay of discovery, they will be required to file a renewed motion to stay <u>which addresses the *String Cheese* factors</u>.

## CONCLUSION

Based on the above considerations, **IT IS ORDERED** that:

(1)     The Joint Motion to Stay Discovery [Doc. 55] is **GRANTED**;

(2)     All discovery in this matter is hereby **STAYED** pending final resolution of the Motion to Dismiss [Doc. 30];

(3)     Should the disposition of the Motion to Dismiss not fully resolve this matter, within seven (7) days of the disposition of the Motion to Dismiss, the Parties shall **jointly CONTACT** the chambers of the undersigned to set a Scheduling Conference to discuss further discovery and scheduling.

DATED: December 21, 2021                     BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

9