**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 21-cv-01873-CMA-NYW

NEW HAMPSHIRE INSURANCE COMPANY, and
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

      Plaintiffs,

v.

TSG SKI & GOLF, LLC,
THE PEAKS OWNERS ASSOCIATION, INC.,
PEAKS HOTEL, LLC, and
H. CURTIS BRUNJES,

      Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION TO STAY**

---

This matter is before the Court on Defendants TSG Ski and Golf, LLC ("TSG")

and Peaks Hotel, LLC's ("Peaks Hotel") Motion to Dismiss Or, In the Alternative, Motion

to Stay (Doc. # 30). Defendants The Peak Owners Association, Inc. (the "POA") and H.

Curtis Brunjes each filed a Joinder in TSG and Peaks Hotel's Motion to Dismiss. (Doc.

## 44, 47). For the following reasons, the Court denies Defendants' motion.

## I.    <u>BACKGROUND</u>

This is an insurance coverage case arising from an alleged "coordinated scheme

to unlawfully coerce" payment of monetary assessments for a common interest

community. (Doc. # 1 at ¶ 30.) The instant action relates to a case entitled *Peaks*

*Capital Partners, LLC; Telluride Resort & Spa, LLC; Highlands Resorts at the Peaks, LLC; Edward D. Herrick; and Edward D. Herrick, Jr. v. H. Curtis Brunjes; TSG Ski & Golf, LLC; The Peaks Owners Association, Inc.; Peaks Hotel, LLC; and Haynie & Company, P.C.*, Case No. 2019CV30047 ("Underlying Case"), currently pending in Colorado district court in San Miguel County. (Doc. # 1-1.) Defendants in this action are also Defendants in the Underlying Case.[1]

Non-parties Peaks Capital Partners, LLC, Telluride Resort & Spa, LLC, Highlands Resorts at the Peaks, LLC, Edward D. Herrick, and Edward D. Herrick, Jr. (collectively, "Underlying Plaintiffs") brought the Underlying Case against Defendants alleging that Defendants conspired to manipulate an internal audit and external investigation to yield false results and coerce Plaintiffs into paying assessments to the POA that were not owed. *See* (*id.* at ¶ 7.) The complaint by the Underlying Plaintiffs ("Underlying Complaint") alleges claims (1) against the POA for violation of the Colorado Common Interest Ownership Act ("CCIOA"), Colo. Rev. Stat. § 38-33.3-101, *et seq.*; (2) against the POA for Breach of Governing Documents; (3) against the POA for Breach of the Covenant of Good Faith and Fair Dealing; (4) against the POA for Breach of Fiduciary Duty; (5) against Mr. Brunjes for Breach of Fiduciary Duty; (6) against Peaks Hotel for Breach of Fiduciary Duty; (7) against TSG for Aiding and Abetting Breach of Fiduciary Duty; (8) against the POA and TSG for Slander of Title; (9)

---

[1] Haynie & Company, P.C. is the only defendant in the Underlying Case that is not named in this action. Plaintiffs in the state case have asserted an eleventh claim against Haynie & Company, P.C. for Aiding and Abetting Breach of Fiduciary Duty. *See* (Doc. # 1-1 at ¶¶ 306–311.)

against all Defendants for Civil Conspiracy; and (10) against TSG for Breach of Fiduciary Duty. *See generally* (Doc. # 1-1.)

Plaintiffs in the instant case—New Hampshire Insurance Company ("New Hampshire") and National Union Fire Insurance Company of Pittsburgh, PA ("National Union")—each issued a series of insurance policies during the relevant time period to TSG Company LLC, with Defendants TSG, the POA, and Peaks Hotel added as named insureds by endorsement. (Doc. # 1 at ¶¶ 11–12, 19–20.) In this action, Plaintiffs seek declaratory judgment that they owe no duty to defend or indemnify Defendants with respect to the Underlying Case. (*Id.* at ¶ 1.) Specifically, Plaintiffs argue that they have no duty to defend or indemnify Defendants because the Underlying Plaintiffs do not seek damage because of "bodily injury" or "property damage," as defined in the policies, and because coverage for personal injury and advertising injury is precluded by "knowing violation of the rights of others" and "knowledge of falsity" exclusions in the policies. *See generally* (*id.*) Plaintiffs contend that no coverage is available because the claims for damages are premised on Defendants' **intentional** conduct as alleged in the Underlying Complaint. (Doc. # 38 at 2.)

Defendants TSG and Peaks Hotel filed the instant Motion to Dismiss (Doc. # 30) on October 7, 2021. Therein, Defendants argue that this action should be dismissed (1) pursuant to Fed. R. Civ. P. 12(b)(7) because Plaintiffs failed to name the Underlying Plaintiffs as parties to this lawsuit, and (2) because the Court should decline to exercise its discretion to issue an anticipatory declaratory judgment. *See generally* (Doc. # 30.) In

the alternative, Defendants request the Court exercise its discretion stay this action pending resolution of the Underlying Case. (*Id.* at 18.)

Plaintiffs filed their Brief in Opposition to Defendants TSG and Peaks Hotel's Motion to Dismiss (Doc. # 38) on October 28, 2021. TSG and Peaks Hotel submitted their Reply (Doc. # 43) on November 11, 2021. Defendants the POA and Mr. Brunjes each joined the Motion to Dismiss on November 15, 2021, and November 30, 2021, respectively. (Doc. ## 44, 47.) Plaintiffs then filed a Brief in Opposition to the POA's and Mr. Brunjes's Joinder Motions to Dismiss (Doc. # 53) on December 6, 2021. The POA and Mr. Brunjes followed with their Reply (Doc. # 57) on December 20, 2021.

## II.  LEGAL STANDARDS

### A.  FEDERAL RULE OF CIVIL PROCEDURE 12(b)(7)

Federal Rule of Civil Procedure 12(b)(7) allows for the dismissal of a case if a party fails to join a required party under Rule 19 of the Federal Rules of Civil Procedure. In order to dismiss a case pursuant to Rule 12(b)(7), the Court must find that (1) the party is a required person under Rule 19(a), (2) joinder of the party is infeasible, and (3) dismissal is appropriate. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Intrawest ULC*, No. 13-cv-00079-PAB-KMT, 2014 WL 1016072, at *2 (D. Colo. Mar. 14, 2014). Rule 19(a) provides that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction" is a required party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). "The proponent of a motion to dismiss under 12(b)(7) has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *Citizen Band of Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994).

## B.    DECLARATORY JUDGMENT

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction," a district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The Supreme Court has stated that the Declaratory Judgment Act "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962). Thus, "the question of whether this power should be exercised in a particular case is vested in the sound discretion of the district courts." *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995). In determining whether or not to hear a declaratory action, the Court should consider the five *Mhoon* factors: (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a

race to *res judicata*"; (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).

### III.   ANALYSIS

### A.   FEDERAL RULE OF CIVIL PROCEDURE 19(a)

First, Defendants argue that this case must be dismissed because Plaintiffs failed to name the Underlying Plaintiffs as indispensable parties to this lawsuit. (Doc. # 30 at 8.) Defendants point to the Fed. R. Civ. P. 19(b) factors and contend that dismissal is appropriate because "[w]hen an insurer obtains an anticipatory declaratory judgment against only its insured concerning the scope of insurance coverage, that declaratory judgment is not binding on injured parties who might later obtain a money judgment against the insured." (*Id.*) (citing *Harris v. Quinones*, 507 F.2d 533, 537 (10th Cir. 1974)). In response, Plaintiffs argue that Defendants completely sidestep the threshold questions of whether the Underlying Plaintiffs are actually required parties under Fed. R. Civ. P. 19(a) and whether joinder is not feasible. (Doc. # 38 at 6.)

The Court agrees with Plaintiffs that Defendants fail to establish the three factors required for dismissal pursuant to Rule 12(b)(7). In order for Defendants to prevail on their Rule 12(b)(7) motion, the Court must find that (1) the Underlying Plaintiffs are required parties under Rule 19(a), (2) who cannot feasibly be joined in this action, and (3) dismissal is appropriate considering the factors outlined in Rule 19(b). Fed. R. Civ. P. 19(a)–(b); *Thiess v. Mercer*, No. 09-cv-02931-CMA-KLM, 2010 WL 2635521, at *2

(D. Colo. June 25, 2010). However, in their Motion to Dismiss, Defendants entirely neglect to address parts (1) and (2) of this inquiry and instead skip directly to whether dismissal is appropriate under the Rule 19(b) factors. *See* (Doc. # 30 at 8–10.) Given Defendants' incomplete analysis, the Court has no basis to find either that the Underlying Plaintiffs are necessary parties or that joinder is not feasible. Defendants' 12(b)(7) motion fails on each of these grounds.

In their Reply, Defendants argue that they did establish the first step of the 12(b)(7) inquiry because "it should be obvious" that "where a court determines a party is 'indispensable' under Rule 19(b), the same court must also believe that party to be 'necessary' under Rule 19(a)." (Doc. # 43 at 7.) The Court disagrees—"although the first and third parts of this analysis appear to be the same (because required and indispensable have similar meanings), the Court only comes to the third part of the analysis if it does not have jurisdiction over the party." *Thiess*, 2010 WL 2635521, at *2 (citing *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001)). Defendants did not address whether the Underlying Plaintiffs are "necessary parties" as defined by Rule 19(a), so it would be inappropriate for the Court to delve into their Rule 19(b) "indispensable" analysis and conflate the two factors. Moreover, the Court need not reach the third step of the inquiry to consider the Rule 19(b) factors because Defendants have not established that joinder is infeasible. Indeed, Defendants entirely fail to address the feasibility of joinder in their motion and subsequent briefing.[2]

---

[2] In their Response, Plaintiffs further contend that all of the Underlying Plaintiffs can be joined without defeating subject matter jurisdiction. (Doc. # 38 at 9.) Defendants do not dispute this and appear to omit any discussion of feasibility of joinder.

Finally, the Court is not persuaded by Defendants' argument that the case law "clearly establishes" that a plaintiff in an underlying action is not only necessary but indispensable to a declaratory action brought by the underlying defendant's insurance company for a judgment concerning liability and defense coverage. (Doc. # 43 at 6.) The law is not so settled. *See Mountain States Mut. Cas. Co. v. Kirkpatrick*, No. 06-cv-00221-WDM-OES, 2007 WL 2506640, at *2 (D. Colo. Aug. 30, 2007) (granting summary judgment in an insurer declaratory judgment action even though "injured plaintiffs in the Underlying Lawsuit, who may have an interest in the outcome of this proceeding, have not been named as parties and may not be bound by the determination made here").[3] Defendants point to *United Financial Cas. Co. v. Lapp*, No. 12-cv-00432-MSK-MEH, 2012 WL 7800838, at *7–8 (D. Colo. Oct. 12, 2012), *report and recommendation adopted*, 2013 WL 1191392 (D. Colo. Mar. 21, 2013), wherein United States Magistrate Judge Michael E. Hegarty determined that tort claimants who had claims against an insured for personal injuries were "indispensable" parties to an insurer's declaratory action seeking a judgment that the insurer was not liable for the claimant's personal injury damages. However, *Lapp* is distinguishable because Judge Hegarty applied the Rule 19(b) factors to determine whether a joined party was

---

[3] Courts differ on whether a party bringing underlying litigation against an insured is a necessary party to an insurer's action seeking a declaration on coverage. *Compare Scottsdale Ins. Co. v. RSE Inc.*, 303 F.R.D. 234, 240 (E.D. Pa. 2014) (denying Rule 12(b)(7) motion to dismiss because a party to underlying litigation against insured was not "a required party under Fed. R. Civ. P. 19"), *with Fathers of the Order of Mount Carmel, Inc. v. Nat'l Ben Franklin Ins. Co. of Ill.*, 697 F. Supp. 971, 973 (N.D. Ill. 1988) ("An injured party is a necessary party in a declaratory judgment action brought by an insurer against the insured regarding the insurer's obligation to provide coverage."), *and Colony Ins. Co. v. Vantaggio Farming Corp.*, 2017 WL 3478998, at *4 (observing that the Ninth Circuit has not addressed whether an injured third party is a necessary party to a declaratory judgment action between an insurer and insured and collecting cases where courts have decided the issue differently).

indispensable or could be dropped pursuant to Fed. R. Civ. P. 21. Further, feasibility of

joinder in *Lapp* was an entirely distinct and complicated issue of its own because the

parties found to be indispensable were John Does of unknown identities and citizenship.

*Lapp*, 2012 WL 7800838, at *8. No such complication exists in this case: Defendants

have simply failed to address feasibility of joinder.

For the foregoing reasons, the Court finds that Defendants have failed to

establish that dismissal is warranted pursuant to Fed. R. Civ. P. 12(b)(7).

**B.    DECLARATORY JUDGMENT**

Next, Defendants request that the Court exercise its discretion to dismiss or, in

the alternative, stay this anticipatory action for declaratory judgment. (Doc. # 30 at 11.)

The Court will address each of the five *Mhoon* factors in turn.

With respect to the first and second *Mhoon* factors, Defendants argue that a

declaratory action (1) will not fully settle the controversy and (2) will not serve a useful

purpose in clarifying the legal relations at issue because any ruling in this action will not

bind the Underlying Plaintiffs. (*Id.* at 11–12.) In response, Plaintiffs argue that a

declaratory judgment will "resolve the issue of whether [Defendants] are entitled to a

defense under the policies" and will "confirm whether claims asserted in the [Underlying]

Complaint fall entirely outside the scope of indemnity afforded by the Policies." (Doc. #

38 at 12.) The Court agrees with Plaintiffs that the instant action would fully settle the

controversy of whether Plaintiffs have a duty to defend or indemnify Defendants from

the claims asserted in the Underlying Complaint. *See Mhoon*, 31 F.3d at 984 (holding

that a district court did not abuse its discretion in hearing an independent declaratory

judgment action related to an underlying state case because "a live need for a declaration of [the insurer's] rights and duties did, in fact, exist"). Further, the Court finds that this action would "serve a useful purpose in clarifying the legal relations at issue," *id.* at 983, because this insurance coverage dispute "deals squarely with legal relations, and the Court's adjudication will necessarily clarify the obligations owed by Plaintiff[s]," *Owners Ins. Co. v. Keeton*, 20-cv-02950-KLM, 2021 WL 5998526, at *5 (D. Colo. Dec. 20, 2021); *see Addison Ins. Co. v. Rippy*, No. 08-cv-00237-PAB-MJW, 2009 WL 723322, at *5 (D. Colo. Mar. 18, 2009) (finding that the second *Mhoon* factor weighed in favor of hearing the case "because determining the duties of insurers represents and intended and important application of the Declaratory Judgment Act").

Regarding the third *Mhoon* factor—"whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race to *res judicata*,'" 31 F.3d at 983—Defendants argue that dismissal is warranted because the Underlying Plaintiffs purportedly crafted the Underlying Complaint in an attempt "to frustrate insurance coverage." (Doc. # 30 at 12.) According to Defendants, Plaintiffs in this action "seek to take advantage of this by obtaining a declaratory judgment prior to any complaint amendment by the Underlying Plaintiffs." (*Id.*) Defendants' argument evidently stems from fear that the Underlying Plaintiffs will benefit from the liberal amendment of pleading permitted in Colorado state courts and amend their complaint to add claims for negligence or other non-intentional conduct that would hypothetically invoke Plaintiffs' duty to defend or indemnify in the Underlying Case. (*Id.*) The Court agrees with Plaintiffs that Defendants' argument is speculative at best and contrary to

law. Were Defendants correct, no anticipatory declaratory judgment relating to an underlying Colorado case could proceed in this district owing to uncertainty caused by the potential for amendment of the underlying pleading. However, precedent from the Tenth Circuit and Colorado courts makes clear that a declaratory judgment action to determine coverage can be pursued before judgment in the underlying lawsuit. *See Constitution Assocs. v. N.H. Ins. Co.*, 930 P.2d 556, 558 (Colo. 1996) ("We first conclude that a judgment against the insured in the underlying case is not an absolute prerequisite to the filing of a declaratory judgment action to determine coverage."); *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1093–94 (10th Cir. 2010) (noting that an anticipatory declaratory action "**is** permissible if it concerns issues that are 'independent of and separable from those in the underlying action'" (quoting *Constitution Assocs.*, 930 P.2d at 561)). Given well-settled law permitting a declaratory judgment action brought before resolution of an underlying case, the Court is unpersuaded by Defendants' speculative argument that Plaintiffs attempt to engage in procedural fencing on the basis that the Underlying Complaint may, at some point, be amended.

With respect to the fourth *Mhoon* factor, which focuses on whether "use of the declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction," 31 F.3d at 983, Defendants argue that dismissal is warranted because the issues in this action are not "independent of and separable from" the issues in the Underlying Case. (Doc. # 30 at 14.) Colorado law provides that "where it could unduly prejudice the insured in the underlying action, a

declaratory judgment action prior to entry of judgment against the insured is not independent and separable and is inappropriate." *Constitution Assocs.*, 930 P.2d at 562. To illustrate the principle of "independent and separable," the Colorado Supreme Court cited to *Hartford Ins. Group v. District Court*, 625 P.2d 1013 (Colo. 1981), and explained:

> In *Hartford*, two trucks were involved in a collision and one driver sued the other driver and that driver's employer. The employer's insurance company sought a declaratory judgment that the employee driver's actions were not covered by the policy because they were outside the scope of employment and were, in effect, intentional rather than negligent. This court upheld the trial court's order staying the declaratory judgment action until completion of the underlying lawsuit, because if the insured were forced to litigate the anticipatory declaratory action, he would have been prejudiced in the underlying case. Specifically, to prove that his actions were not intentional, the driver would have had to argue they were negligent. The defendant would then have been estopped from denying negligence in the underlying suit. Clearly this would have prejudiced his defense in the underlying suit and, hence, permission to proceed with the declaratory action was correctly denied.

*Constitution Assocs.*, 930 P.2d at 562–63 (citations omitted). The court further clarified that "[d]eclaratory judgment claims are more likely to be independent of and separable from the underlying litigation when the allegations in the underlying complaint do not even give rise to a duty to defend." *Id.* at 563. In those circumstances, "it may be appropriate to allow the insurer an opportunity to obtain an anticipatory declaration of its obligations towards its insured prior to the expenditure of considerable resources." *Id.*

Defendants analogize the instant situation to *Hartford* and argue that this action will force Defendants to take positions that will materially prejudice their ability to defend themselves in the Underlying Case. (Doc. # 30 at 15–16.) Specifically, Defendants contend that this action places them in the untenable position of having to choose

between "(1) lobbying the Underlying Plaintiffs to add unambiguous claims for negligence, breach of fiduciary duty of reasonable care and/or defamation in the Underlying Lawsuit," or "(2) argu[ing their] actions precipitating the Underlying Lawsuit constituted something other than intentional conduct—i.e., negligence, breach of fiduciary duty of reasonable care, and/or defamation." (*Id.* at 15.) According to Defendants, this choice "severely prejudices" them because lobbying the Underlying Plaintiffs to add negligence claims would expose Defendants to claims with a lower burden of proof; whereas if this suit determines that Defendants' actions were mere negligence, Defendants would be estopped from denying any negligence allegations in the Underlying Case "if and when the Underlying Plaintiffs amend their complaint." (*Id.*)

The Court disagrees with Defendants that they are faced with any such choice at this juncture. Plaintiffs brought this declaratory judgment action asserting that they have no duty to defend or indemnify Defendants based on the allegations in the Underlying Complaint, which currently does not include claims for negligence, defamation, or any other claim that Defendants speculate may be asserted upon some future amendment of the pleadings. As it stands, the Court is faced with the purely legal question of whether the **allegations** in the Underlying Complaint give rise to a duty to defend or indemnify under the relevant policies—this action does not require the Court to wade into a factual dispute about whether Defendants' conduct was actually negligent or intentional. *See Minn. Lawyers Mut. Ins. Co. v. King*, No. 10-cv-00916-WYD-MEH, 2010 WL 4449371, at *4 (D. Colo. Nov. 1, 2010) (noting "that a determination of [the insurer's] duty to defend would only involve an examination of the state court complaints to see if

allegations there triggered the duty and would not involve an[y] factual or legal matter at issue in the state cases"). Accordingly, the Court finds that this declaratory action is "independent of and separable from" the Underlying Case and the fourth *Mhoon* factor weighs in favor of exercising discretion to hear Plaintiffs' action for declaratory relief.

However, the Court notes that the relief requested by Defendants may become appropriate if "the posture of this case evolves such that the factual determination of issues also implicated in the Underlying Lawsuit becomes necessary," either through amendment of the Underlying Complaint or some other future development. *Allied World Surplus Lines Ins. Co. v. Quik Travel Staffing, Inc.*, No. 20-cv-00972-LTB, 2020 WL 9259323, at *3 (D. Colo. Oct. 13, 2020) (denying without prejudice an insured's motion to dismiss or stay a declaratory judgment action because no factual determination was necessary, but noting that reconsideration "may be appropriate" if circumstances changed); *see King*, 2010 WL 4449371, at *5 ("If I determine that [the insurer] has a duty to defend, I will reexamine at that time . . . whether a stay of the entire action pending resolution of [the underlying litigation] is appropriate."). Thus, while the fourth *Mhoon* factor weighs against Defendants' requested relief at this stage, the Court agrees with other courts from this district that reconsideration of dismissal or a stay may be warranted if the case evolves such that the Court must make factual determinations that may affect the Underlying Case or prejudice Defendants.

Finally, as to the fifth *Mhoon* factor, Defendants argue that there is an "alternative remedy that is better or more effective" because Plaintiffs "can (and ought to) simply continue to defend the Underlying Lawsuit under a reservation of rights and make a

determination about its duty to defend and indemnify upon adjudication of the claims in the Underlying Lawsuit." (Doc. # 30 at 17) (citing *Hecla Mining Co. v. N.H. Ins. Co.*, 811 P.2d 1083, 1089 (Colo. 1991)). The Court disagrees that Defendants' proposal is a better or more effective option. The Underlying Case will not determine the duty to defend and coverage issues raised in this declaratory action, and Plaintiffs have a strong interest in resolving this action before potentially expending considerable resources in the state court litigation. *See Mhoon*, 31 F.3d at 984 ("[T]here is a substantial interest in deciding these issues without undue delay, particularly the question of duty to defend."); *Allied World Surplus Lines Ins. Co.*, 2020 WL 9259323, at *3 ("It is also readily apparent that the coverage issues raised by [the insurer] in this action will not be resolved in the Underlying Lawsuit . . . ."); *see also Constitution Assocs.*, 930 P.2d 556 at 563 ("[I]t may be appropriate to allow the insurer an opportunity to obtain an anticipatory declaration of its obligations towards its insured prior to the expenditure of considerable resources."). The fifth *Mhoon* factor therefore weighs in favor of the Court hearing this case. Accordingly, the Court declines to exercise its discretion to dismiss or stay this action for declaratory relief.

## IV.   CONCLUSION

For the foregoing reasons, it is ORDERED that Defendants' Motion to Dismiss Or, In the Alternative, Motion to Stay (Doc. # 30) is DENIED WITHOUT PREJUDICE.

DATED:  April 21, 2022                          BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

15