## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-01873-CMA-SBP

NEW HAMPSHIRE INSURANCE COMPANY
and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

    Plaintiffs,

v.

TSG SKI & GOLF, LLC, individually and on behalf of THE PEAKS OWNERS ASSOCIATION, INC., PEAKS HOTEL, LLC, and H. CURTIS BRUNJES,

    Defendants.

---

### DEFENDANTS' MOTION TO RESTRICT ATTACHMENT TO ITS UNOPPOSED MOTION FOR RELEASE OF FUNDS HELD IN COURT REGISTRY

---

Defendant TSG Ski & Golf, LLC ("TSG"), on its behalf and as assignee of the Peaks Owners Association, Inc., and Peaks Hotel, LLC, by and through its attorneys, Bradley A. Levin and Kerri J. Anderson of LEVIN SITCOFF PC, respectfully submits the following Motion to Restrict Attachment to Its Unopposed Motion for Release of Funds Held in Court Registry (Dkt. 133):

    1.    Simultaneous with the filing of this Motion to Restrict, TSG filed their attachment to their Unopposed Motion for Release of Funds Held in Court Registrty. TSG enclosed an attachment that contains sensitive and confidential information.

    2.    Pursuant to D.COLO.LCivR 7.2(c), Doc. 133 should be restricted from the other parties to the case and public access for the reasons set forth below.

3. TSG's interest in confidentiality outweighs the presumption of the other parties to the case and public access. The document sought to be restricted is that which contains confidential and sensitive information. In the event that the document is unrestricted, TSG would have their private financial information in the public sphere, which could result in unnecessary harm. TSG also do not see a need, at this juncture of the case, for the other parties to have access to this financial information. No alternative to restriction is practicable because the confidential information must be used by the Court in order for it to release the funds being held in the registry.

4. The restriction TSG seeks is narrowly tailored to protect the interests identified herein and will only prevent access to the document that sincerely requires protection.

5. TSG seeks Level 2 restriction, *i.e.*, access restricted to the filing party and the Court.

WHEREFORE, TSG respectfully requests the Court restrict docket entry 133 with a Level 2 restriction pursuant to D.C.Colo.LCivR 7.2(b), and for such further relief as this Court deems just and proper.

Dated this 16th day of April 2025.

    Respectfully submitted**,**

    **LEVIN SITCOFF PC**

    *s/Kerri J. Anderson*
    Bradley A. Levin
    Kerri J. Anderson
    455 Sherman Street, Suite 490
    Denver, Colorado 80203
    Telephone: (303) 575-9390

Fax: (303) 575-9385
brad@lsw-legal.com
kerri@lsw-legal.com
*Attorneys for Defendants and Counterclaimants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of April 2025, I electronically filed the foregoing **DEFENDANTS' MOTION TO RESTRICT ATTACHMENT TO ITS UNOPPOSED MOTION FOR RELEASE OF FUNDS HELD IN COURT REGISTRY** with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the following email address:

Matthew J. Fink
Ian A. Cooper
David J. Rock
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
10 South Wacker Drive, 21st Floor
Chicago, IL 60606
mfink@nicolaidesllp.com
icooper@nicolaidesllp.com
drock@nicolaidesllp.com
*Attorneys for Plaintiffs New Hampshire Insurance Company and National Union Fire Insurance Company of Pittsburgh, PA*

*s/ Karen J. Hammock*
Karen J. Hammock